JOHN WORDEN, JR. *vs.* CITY OF NEW BEDFORD.

Bristol.   October 30, 1879; February 23. — April 8, 1881.

A city which lets for hire a building erected for municipal purposes is liable tor an injury caused by a defect or want of repair in the building, or for negligence of its agents in the management of the building, in the same manner as a private owner would be.

A city has the right to allow a building, erected for municipal purposes, to be used incidentally for other purposes, either gratuitously or for compensation.

If, by the by-laws of a city, a certain committee has charge of its public building, subject to such rules as the city council may adopt, and the committee, for several years, in the absence of any such rules, had been in the habit of letting the building for occasional use, and paying the money received therefor into the city treasury, the authority of the committee so to act will be presumed.

If a city lets rooms in a public building for a sum which includes the use of the rooms let, heating, lighting and the services of a janitor, the janitor is the servant of the city, and the city is responsible for an injury caused by his negligence to a person lawfully there by invitation of the hirer.

TORT for personal injuries occasioned to the plaintiff by falling through a trap-door in a room in a public building in the defendant city, known as the City Hall.   Answer, a general denial.   At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

The case was argued at the bar, and was afterwards submitted on additional briefs, by *F. A. Milliken*, for the defendant, and *E. L. Barney*, for the plaintiff.

MORTON, J.   Under the instructions given them, the jury must have found that the city of New Bedford was the owner of a building known as the City Hall, used for the ordinary municipal purposes; that it had been accustomed to let it, for profit, for lectures, exhibitions, amusements and other like purposes, having no relation to municipal affairs or interests; that at the time the injury happened to the plaintiff it had, acting by its committee on public property, let the hall and a smaller room adjoining, for profit, to the Southern Massachusetts Poultry Association; that the sum paid by the association included compensation for the lighting and heating the rooms and for the services of the janitor, who, by appointment of the city, had

the care of the building; that the plaintiff was injured solely by the carelessness of the janitor, while doing acts in the lighting and heating of the rooms; and that the plaintiff was rightfully in the rooms and using due care when he received the injury. These facts are sufficient to establish the liability of the city.

A city or town is not liable to a private citizen for an injury caused by any defect or want of repair in a city or town hall or other public building erected and used solely for municipal purposes, or for negligence of its agents in the management of such buildings. This is because it is not liable to private actions for omission or neglect to perform a corporate duty imposed by general laws upon all cities and towns alike, from the performance of which it derives no compensation.

But when a city or town does not devote such building exclusively to municipal uses, but lets it or a part of it for its own advantage and emolument, by receiving rents, or otherwise, it is liable while it is so let in the same manner as a private owner would be. *Oliver* v. *Worcester*, 102 Mass. 489. *Hill* v. *Boston*, 122 Mass. 344.

But the defendant contends that a city or town has no power to let its public buildings for private uses, that the letting to the poultry association, if made by the city, was *ultra vires*, and therefore it is not liable. This ground is untenable. The city could not erect buildings for business or speculative purposes, but having a city hall, built in good faith and used for municipal purposes, it has the right to allow it to be used incidentally for other purposes, either gratuitously or for a compensation. Such a use is within its legal authority, and is common in most of our cities and towns. *French* v. *Quincy*, 3 Allen, 9.

The defendant also contends that the act of the committee on public property in letting the hall was unauthorized, and did not bind the city. The by-laws of the city provide that "this committee shall have the care and custody of all buildings belonging to the city, and of the erection, alteration and repairs thereof, excepting as otherwise provided, and subject to such rules, orders, and regulations as the city council may adopt." No vote of the city council authorizing its committee to let the hall was shown; but it appeared, and was not disputed, that

the city had for a series of years previously to the plaintiff's injury let the hall for similar purposes for profit, and that the money received had been paid into the treasury of the city. This evidence was sufficient to prove the authority of the committee to let to the poultry association.

The defendant further contended that the janitor, by whose negligence the plaintiff was injured, was not the agent of the city, but of the poultry association. By the terms of the contract with the association, it was to pay the sum of forty dollars as rent, and "this sum included compensation for the use of the rooms let, for heating and lighting, and the services of a janitor furnished by the city." This imports a stipulation by the city that it would heat and light the rooms, and for this purpose would furnish the janitor as its agent. In performing the duty of lighting and heating the rooms, the janitor was acting as the agent of the city. If an individual owning a hall should let it upon a similar contract, assuming the duty of lighting and heating it, he would be ultimately liable for an injury caused by his negligence in performing this duty. It may be that the tenant, from his relation to the public which he invites to enter the hall, might be liable to a person injured, but, if so, he would have recourse over against the owner, by whose negligence the injury was caused. The liability is the same against the city, if the plaintiff was injured by the negligence of an agent acting for it in the performance of a duty undertaken by it for profit.

We are therefore of opinion that, upon the facts proved in this case, the defendant was liable; it was dealing with the city hall, not in the discharge of a public duty, but for its own benefit and gain in a private enterprise, in the same way as a private owner might, and was liable for negligence in the management of the property to the same extent as such private owner would be.                              *Exceptions overruled.*