Filed March 3, 1896.

---

No. 17,421.

STATE, EX REL. SCOTT, *v.* HART ET AL.

COUNTY.—*Court House.*—*Lease of Rooms for Private Purposes.*—A lease of rooms in a court house to be used for private purposes can not be lawfully made by county commissioners in the absence of statutory authority.

From the La Porte Circuit Court.

*W. B. Biddle*, for appellant.

*M. Nye*, for appellees.

MONKS, J.—This was an action by information against the Board of Commissioners of La Porte County, calling in question the power of said board of

commissioners to lease rooms in the court house to be used for private purposes.

A demurrer to the information for want of facts was sustained, and appellant failing to plead further, judgment was rendered in favor of appellees.

The only error urged by appellant is the sustaining of the demurrer to the complaint.

It is alleged in the information that in 1832, Walter Wilson laid out and platted land upon which the City of La Porte is located and designated on the plat a parcel of ground near the center as "Public Square," and dedicated the same to be used for the purpose of erecting a court house and other public buildings required as a county seat, and that on May 1, 1834, said tract was conveyed by said Wilson to the county agent by the description of Public Square, and ever since the same has been used exclusively for public purposes; that a new court house has been erected on said square, a part of which is a basement, having three suites of rooms with a floor area of forty by sixty feet each, with all the modern improvements for heating, lighting and convenience. Before the completion of the court house the board of commissioners executed a lease to their co-appellees of one of the suites of rooms for a term of ten years, giving them the exclusive right to occupy said rooms and use them for their own private business purposes, and agreeing to furnish heat, light, and water in the rooms to lessees, and a janitor to take care of said rooms, and that lessees have entered into possession of said rooms under said lease; that there was no notice given by said board of its intention to lease said rooms.

Counties are involuntary political or civil divisions of the State created by general laws to aid in the administration of the State government. Their powers are

created and defined by statute. The powers of the board of commissioners are limited and for any act done by them not within the scope of their powers, the county is not liable. 1 Dillon Municipal Corp., section 25; *Potts* v. *Henderson,* 2 Ind. 327 ; *Campbell* v. *Brackenridge,* 8 Blackf. 471 ; *McCabe* v. *Board, etc.,* 46 Ind. 380 ; *Board, etc.,* v. *Ross,* 46 Ind. 404 ; *Board, etc.,* v. *Barnes,* 123 Ind. on pp. 406, 407, and cases cited; *Board, etc.,* v. *Allman, Admr.,* 142 Ind. 573; *Trustees M. E. Church of Hoboken* v. *Mayor, etc.,* 33 N. J. L. 13 (19), 97 Am. Dec. 696, (700); *Stephens* v. *St. Mary's Training School,* 144 Ill. 336, on p. 344 (18 L. R. A. 832), and cases cited; 36 Am. Rep. 438, and note on p. 452.

Considered with respect to their corporate powers, counties rank low down in the scale of corporate existence, and are frequently termed *quasi* corporations. 1 Dillon Munic. Corp., section 25 ; Tiedeman Munic. Corp., section 3 ; Cooley Const. Lim. 294–301 ; *Hayward* v. *Davidson,* 41 Ind. on page 215 ; 4 Am. and Eng. Ency. of Law, pp. 345, 346, 368, note 1 ; 374 note 14, 1, 4 ; *Madway* v. *Commissioners,* 11 Ohio St. 183; *Cathcart* v. *Comstock,* 56 Wis. 590, on pp. 607–608; *Hawkins* v. *Board, etc.,* 50 Miss. 735 ; *Irwin* v. *Commrs. Northumberland Co.,* 1 S. and R. (Pa.) *505; *Lyon* v. *Adams,* 4 S. and R. (Pa.) 443 ; *Vankirk* v. *Clark,* 16 S. and R. (Pa.) 286 ; *Stevens* v. *St. Mary's Training School, supra; Louisville, etc., R. R. Co.* v. *County Court,* 1 Sneed 637, 62 Am. Dec. 424 on p. 449.

Counties are subdivisions of the State, organized solely for governmental purposes. 4 Am. and Eng. Ency. of Law 343 ; *Cones* v. *Board, etc.,* 137 Ind. 404, and cases cited ; *Board, etc.,* v. *Allman, Admr.,* and cases cited.

A county court house with the real estate upon which it stands is public property held by the county, but in

trust for the public use.  *Board, etc.*, v. *O'Conner*, 86 Ind. 531 ; *Secrist* v. *Board, etc.*, 100 Ind. 59; *Trustees M. E. Church of Hoboken* v. *Mayor, etc., supra; Commonwealth* v. *Rush*, 14 Pa. St. 186 ; *Commonwealth* v. *Bowman*, 3 Pa. St. 202.

Section 5745, R. S. 1881, section 7830, R. S. 1894, provides that the county commissioners "shall have power at their meetings to make orders respecting the property of the county according to law; to sell the public grounds of the county upon which the public buildings are situate and to purchase in lieu thereof, in the name of the county, other grounds in the county seat on which such buildings shall be erected; to purchase other lands for the enlargement of the public square; and take care of and preserve such property."

The board of commissioners is authorized to purchase and own the real estate upon which the court house is erected, for that purpose, which is a public purpose, and has no power to use or lease the same or any part thereof to be used for any private purpose, unless there is a statute giving such power.  The court house is erected for the public use, to furnish a place to hold the courts, and for offices for the clerk, sheriff, treasurer and auditor, and for such other public purposes as may be necessary.

The increase in the business of the court may from time to time require additional rooms in which to hold court, as well as for juries and grand juries, and for the county officers named, and the board of commissioners cannot, by contract, prevent themselves or their successors from using or setting apart for the court, or the county officers, or for other public purposes, rooms in the court house not before used for such public purpose.

The contract in controversy here, if valid, would prevent the board of commissioners for ten years,

from May 1, 1894, from using the rooms mentioned in the lease, for any public purposes, no matter how urgent the necessity. During this time the board is required to furnish heat, light and water in the rooms to the lessees, and a janitor to take care of the rooms, or respond in damages for a failure so to do. Such a use of the property is a private and not a public use.

Sections 5745 (7830), *supra,* gives the board of commissioners the power to sell the ground upon which a court house is situate, and to purchase in lieu thereof, in the name of the county, other ground in the county seat on which such building shall be erected.

Under the law·in this State, the board of commissioners may also, upon petition and proper procedure, order the re-location of the county seat; in such case the public grounds in the old county seat are conveyed away and are not owned by the county. The contract mentioned, if upheld, deprives the board of the right to exercise power or jurisdiction in these matters, without incurring a liability for damages for a breach of such contract. *Driftwood, etc., Turnp. Co.* v. *Board, etc.,* 72 Ind., on pp. 239, 240, 241, 242.

It may be correctly said that the board of commissioners cannot, by contract, preclude itself or its successors from the right and duty to exercise the powers given it by statute when in its judgment or discretion it is deemed necessary so to do. *Driftwood, etc., Turnp. Co.* v. *Board, etc., supra; Board, etc.,* v. *Taylor,* 123 Ind. 148 (154.)

It is urged that municipal corporations have the power to lease rooms not needed for public use, and that this settles the question here. The courts in some States have held that where a municipal corporation has in good faith built and used a town hall for municipal purposes, it has the right to allow

it to be used incidentally for other purposes, either gratuitously or for a compensation. *Worden* v. *New Bedford,* 131 Mass. 23, 41 Am. Rep. 185.

But this use was only temporary, did not interfere with the municipal use of the hall, and was incidental only.

In such States, however, it is held that when a city or town does not devote its city or town hall or other public building exclusively to municipal use, but lets it, or a part of it, for its own advantage and emolument by receiving rents or otherwise, it is liable while it is so let to any person, for an injury caused by any defect or want of repair in such hall or public building, in the same manner as a private owner would be. But there would be no such liability if such hall or public building were used solely for municipal purposes. *Worden* v. *New Bedford, supra.*

This is a clear recognition by the courts that when the city or town buildings are let to private parties such use is a private and not a public use.

Under the laws in this State, the land upon which the court house is erected is purchased and held only for such purpose, which is a public purpose, and under all the authorities can be used for no other purpose.

It is clear, therefore, that the cases concerning the power of a municipal corporation to rent its public buildings can have no application in this case. The difference is recognized in *Bolling* v. *Mayor of Petersburgh,* 8 Leigh (Va.) 224.

In that case the doctrine was, under a statute authorizing it, carried much further, but it was also expressly held that if the conveyance had been made to the county whereon to erect a court house the rule would not apply.

The court said: "If the purchase in this case had

been made by the corporation court of the town of Petersburgh under the act of assembly empowering the county and corporation courts to purchase lands whereon to erect a court house and other buildings connected with the administration of justice, I should have been clearly of the opinion that the land could not be applied to purposes other than those indicated by the act of assembly. For as the courts have, not general power, but a special power for particular purposes only, they must of necessity be confined in their use of the lands to the purposes for which authority was given to purchase." *Bolling* v. *Mayor of Petersburg, supra,* on p. 233.

If the board of commissioners had the power to rent two rooms in the court house for ten years, it has the power to rent the same, as well as other rooms, for a longer period. If such power exists, then the county, although organized solely for governmental purposes, may, by the exercise of such power by its commissioners, be made liable for injuries caused by the negligence of its officers in failing to keep such court house in repair. *Worden* v. *New Bedford, supra.* But this court held in *Board, etc.,* v. *Daily,* 132 Ind. 73, that a county is not liable for injuries occasioned by the negligence and carelessness of the board of commissioners in the care and control of the court house. The court said: "It is now well settled that counties are involuntary corporations organized as political subdivisions of the State for governmental purposes and not liable any more than a State would be liable for the negligence of its agents or officers." If the county is not liable in such cases, it is evident that the board of commissioners has no power to make a contract or perform any act which will render the county liable for injury to persons caused by the

negligence of its officers in failing to keep the court house in proper repair.

We think it clear, both upon principle and authority, that the boards of commissioners in this State have no power to rent the court house, or any part of it, for private use, and that the relation of landlord and tenant cannot exist between the county and any private person as to the court house, or any part thereof, under the laws now in force.

There is no statute in this State authorizing the boards of commissioners to rent the court house, or any part thereof, for private use.

It follows that the court erred in overruling the demurrer to the information.

Judgment reversed, with instructions to overrule the demurrer to the information, and for further proceedings not inconsistent with this opinion.

