## CITY LIABLE FOR INJURY TO ONE STEPPING INTO AN EXCAVATION IN A PARK.

Common Pleas Court of Hamilton County.

MARIE HARFF v. THE CITY OF CINCINNATI.

Decided, January, 1911.

*Municipal Corporations—Control of Parks Not a Governmental Function —Municipality Liable for Injuries Sustained in a Park by One Exercising Due Care—Section 3714.*

1. A decision on demurrer may be reviewed by another judge of the same court before whom the case has come for trial on the merits, in order that error, if any has occurred, may be eliminated from the record.
2. A municipality in acquiring and maintaining public parks acts in a private rather than a governmental capacity, and is liable for negligence in keeping the pathways in such condition that injury results to one rightfully in the park and exercising due care.
3. But if it be true that holding and maintaining of public parks by a municipality is done in its private capacity rather than as a governmental function, Section 3714, General Code, may be construed as including parks under the heading of "public grounds," and therefore as imposing the same obligation upon the city with reference to public parks as with reference to streets and bridges.

*Geoffrey Goldsmith,* Assistant City Solicitor, for the motion.
*Burton P. Hollister,* contra.

GORMAN, J.

On motion for a new trial.

This is an action to recover damages for personal injuries, suffered by the plaintiff from falling into a large hole in or alongside a foot-path in Eden Park, one of the public parks of the city of Cincinnati.

A demurrer to the petition was overruled by Judge James B. Swing, and thereupon the city answered denying the allegations of plaintiff's petition and setting up contributory negligence of the plaintiff. On the trial of the case on the issues, the jury returned a verdict in favor of plaintiff for $2,000.

Defendant now asks for a judgment in its favor on the pleadings notwithstanding the verdict, and in the alternative it asks for a new trial.

The principal grounds urged upon the court in favor of the defendant's contention is that the petition does not state a cause of action, and therefore the demurrer should have been sustained, and for the same reason the demurrer to the evidence raised by the motion to arrest the case from the jury and instruct a verdict for defendant, should have been granted.

The point urged is that the injury having been sustained in a public park of the defendant, there can be no recovery for such injuries, even though the city was negligent; that the city's ownership and improvement of this park involves the exercise of its governmental functions, and not the exercise of its private and municipal functions; and in the absence of a statutory liability imposed for a failure to keep its parks and the driveways, sidewalks and foot-ways therein in good repair and free from nuisance, there can be no liability for injuries sustained by reason of the city's failure to do so.

It might be sufficient for this court to hold that inasmuch as this claim of the city was passed upon adversely to its contention by one of the judges of this court (Judge Swing) when he overruled the demurrer, this particular judge of this court is bound by that decision; but it is apprehended that if that deci-

sion on the demurrer, which was but an interlocutory judgment, was erroneous this court ought not to allow the error to be perpetuated, when an opportunity is now presented before final judgment to correct it. We have therefore decided to consider the claim of the defendant as though the question were now raised in the case for the first time.

Numerous authorities have been cited by counsel for the defendant and plaintiff in their briefs in support of each of their contentions, and we shall not undertake to distinguish or reconcile any conflicting or apparently conflicting authorities, but shall endeavor to find out the rule that should be applied in this case. in view of the Ohio authorities and statutes, aided by those decisions which appear to have been received with approval in this and other states.

It is not always easy to determine just what property of a municipality is held for governmental purposes and what in its private and municipal capacity. It has been said by some authorities that the criterion is whether or not the property is held and used for the purpose of profit or for the general welfare with the right of the general public to use it without any revenue being derived therefrom. If for profit then the property is to be considered as attaching to the municipality in its private character, but if no revenue is derived from the use of the property and it is open to the general public then the municipality is using it in its governmental capacity.

We do not think that the governmental or private use of the municipality's property can be determined from the fact that revenue is derived or not derived therefrom. William on Municipal Liability for Torts (a very well considered work) says on page —, Section 31:

"In any particular case the first consideration is: was the property in question held and used at the time of the accident for purely public and governmental purposes, or simply for private and municipal purposes. It may fairly be stated as a broad general proposition that according as this consideration is determined, the immunity or liability of the corporation in the case in hand will be fixed." Citing the very exhaustive opinion of Judge Gray in *Hill* v. *Boston,* 122 Mass., 344.

And in Jones on Negligence of Municipal Corporations, Sections 25 and 26, it is stated that the receipt of revenue does not determine the question of the private and municipal use of the property, but that much property of the municipality is held and used in its private and municipal capacity by the public, from which no revenue is derived and no profit attempted to be derived therefrom; and cites the case of sewers, which the municipality is under no compulsion to furnish but when constructed, although no charge be made for their use, nevertheless there is a liability, without statutory enactment, for injuries resulting from a negligent failure to keep them in repair. See also Dillon on Municipal Corporations, 4th Ed., Vol. 2, Section 980.

It was held in the case of *Oliver* v. *Worcester,* 102 Mass., 489, that the city having the control of a public common traversed by foot-paths on which the public may rightfully travel, is liable to a common law action for damages caused by a dangerous and unguarded excavation made by the corporation for its own purposes in the ground adjoining one of the paths, to a person walking thereon and who was at the time using due care. This act of excavating in the public common was considered by the court as an act of the city in its *private capacity* as distinguished from its public character. See also *Worden* v. *New Bedford,* 131 Mass., 23.

Judge Ranney in deciding the case of *Dayton* v. *Pease,* 4 O. S., p. 80, uses this language on page 100:

"But when a municipality undertakes to execute its own prescribed regulations, by constructing improvements for the especial interest or advantage of its own inhabitants, the authorities are all agreed that it is to be treated merely as a legal individual, and as such owing all the duties to private persons and subject to all the liabilities that pertain to private corporations or individual citizens. To this class clearly belongs the construction, repair and maintenance of its streets."

Now the court was not discussing the liability of the municipality under the statute, but its liability at common law, as in the case in 102 Mass., *supra.*

If then the city would be liable in its private capacity for neglect in the repair of its streets, which resulted in injury to persons or property, upon what sound reason or rule of law would it not be liable at common law for neglect in failing to keep its walks in its public parks in repair whereby one is injured? Is not a park acquired, improved and maintained for the pleasure, convenience, health, recreation and ornament of the city and its inhabitants? Is it not for the special interest and advantage of its inhabitants, and so within the rule laid down by Judge Ranney? There is no obligation resting upon the city to provide parks. The power as to parks is permissive only and not compulsory. There is no exercise of governmental functions in the acquiring, improving and maintenance of city parks. It would seem to us to be as much of a private nature or character as the maintenance of a private flower garden or lawn or grass plot or park by a private individual or corporation and intended for the same use by the inhabitants of the city as the private grounds of the individual or private corporation, for recreation, pleasure, health and adornment. It is as much for the special use of the inhabitants of the city as the water works, or the gas works.

The case of *Dayton* v. *Pease* has never been overturned or the principles there laid down denied in this state.

Counsel for plaintiff has cited the following cases which upon examination seem to us to support his contention that at common law the defendant is liable for negligently failing to keep its parks and the path-ways therein in repair whereby injury results to those rightfully there and using due care: *Weber* v. *Harrisburg*, 216 Pa. St., 117; *Barthold* v. *Philadelphia*, 154 Pa. St., 109; *Power* v. *Philadelphia*, 18 Pa. Sup. Ct., 621; *Carey* v. *Kansas City*, 187 Mo., 715; *Spencer* v. *Denver*, 34 Col., 270.

These cases mostly hold that inasmuch as the state has no interest in the public parks, it can not be claimed that the municipalty in providing and maintaining them can be exercising any act of sovereignty, or exercising its governmental functions; but is exercising purely its private functions as a municipality, providing for the convenience and comfort of its own inhabitants and not for the state and its inhabitants.

It is true that there is no uniformity of decisions on this question and counsel for defendant has cited the following cases which holds that the municipality is not liable for negligently failing to keep its parks and public grounds in repair, resulting in injury to persons and property rightfully therein, in the absence of a statutory liability: *Park Commissioners* v. *Prinz*, 127 Ky., 460; *Blair* v. *The Treasurer of Providence*, 24 R. I., 17; *Russel* v. *Tacoma*, 8 Wash., 156; *Clark* v. *Waltham*, 128 Mass., 568.

It will therefore be seen that there is an apparent conflict of authorities on the question; but the court is of the opinion that upon reason there can not be a fair claim made that the city as to its parks is acting in its governmental capacity, but purely in its private and municipal capacity. But if we should be in error in thus concluding, nevertheless we are of the opinion in view of the ruling of Judge Swing on the demurrer, that a fair interpretation of Section 28 of the municipal code (Section 3714, General Code; 2640, Revised Statutes) includes public parks under the head of public grounds as used in that section, and that the statute imposes the same obligations on the city with reference to its public parks that it does with reference to its streets, bridges, etc., viz., to cause the same to be kept open and in repair and free from nuisance. So that if it be true that the holding and maintaining of a public park falls within the exercise of a governmental function, and this statute applies to parks, then there is a statutory provision which fastens upon the city a liability in a proper case of negligence for the failure to perform a duty imposed by the statute.

There is no claim urged that the damages awarded are excessive. The court is of the opinion that the case was fairly tried, and that the verdict is in accordance with substantial justice and should not be disturbed. The motions for judgment and for a new trial will be overruled.