SHELBY COUNTY v. MEMPHIS ABSTRACT CO.

(*Jackson.*   April Term, 1918.)

1. RECORDS. Right to search. Abstract companies.

Agents and employees of an abstract company are entitled to examine and copy any records in the office of a register of deeds, subject only to such reasonable regulations as that officer may prescribed. (*Post, p.* 83.)

Cases cited and approved: State ex rel. v. Grimes, 29 Nev., 50; Clay v. Ballard, 87 Va., 787; Burton v. Tuite, 78 Mich., 363; State v. McMillan, 49 Fla., 243.

Case cited and distinguished: State of Minnesota ex rel. Cole v. Rachac, 37 Minn., 373; Hanson v. Eichstaedt, 69 Wis., 539.

2. COUNTIES. Intruders in courthouse. Power and duties of sheriff.

If agents or employees of an abstract company do not comply with reasonable regulations prescribed by the register of deeds in whose office they are working, they can be excluded by the sheriff, under Thompson's Shannon's Code, section 505, making the sheriff custodian of the courthouse in the absence of appointment of some other person for the purpose, and giving him power to prevent trespassing and to exclude intruders. (*Post, p.* 83.)

Code cited and construed: Sec. 505 (T.-S.).

3. COUNTIES. Abstract companies. Occupying space in office. Rental.

If a register of deeds is content to have employees of an abstract company work in his office without payment of rent for space occupied, the county court and other authorities have no power to require payment. (*Post, p.* 84.)

4. COUNTIES. County court. Powers.

The county court has only such powers as are conferred by statute. (*Post, p.* —.)

Shelby County v. Memphis Abstract Co.

Case cited and approved: Railway Co. v. Wilson County, 89 Tenn., 597.

5. **COUNTIES.** Courthouse. Renting space for private purposes.

In the absence of statutory authority, no part of the rooms in current use by county officers in the courthouse can be rented for private purposes, and hence part of the office of the register of deeds cannot be rented or leased to an abstract company as a place where its employees may work while copying records. (*Post, p.* 84.)

Case cited and approved: State v. Hart, 144 Ind., 107; Decatur v. De Kalb County, 130·Ga., 488.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of· Civil Appeals from the Supreme Court. HON. F. H. HEISKELL, Chancellor.

R. L. BARTELS, for appellant.

J. S. ALLEN, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed by the county of Shelby to recover of the defendant company a sum claimed to be due for the use and occupation by the latter of working space in the registry of deeds of that county.

The chancellor and the court of civil appeals have denied the county relief, and it here seeks a review of the decree of the latter court.

The Memphis Abstract Company is a corporation organized under the laws of this State for the purpose indicated by its name, and it pays an occupation tax to the State of Tennessee for the privilege of doing an abstract business. It maintains its general and regular office in the business center of the city of Memphis where all of its records are kept.

The defendant company keeps in the office of the register of deeds two of its employees engaged in the taking from the records of notes for the preparation of abstracts to meet current demands, as well as data for a set of abstract books from which abstracts may be made for patrons in the future. These employees occupy two desks and about one-sixteenth of the floor space of one of the two rooms of the registry; they usually are there in service from 8 a. m. to 5 p. m. of each business day; during dark days or hours they avail themselves of the county's lighting system. The abstract company has installed a telephone which connects the registry of deeds with its general office by a private wire, but this was done under the direction of a county commissioner with the consent of the register of deeds. The deputy register testifies that this private telephone line is a great convenience to the public and to the register of deeds, due to the liberal accomodations afforded by the company in procuring over the line from the city office of the company of references to the records where the registry index system may fail to give information. For such use no charge is made by the abstract

company.   The same witness shows that employees of the company otherwise are of considerable aid to the register in checking up errors made by his clerical force.

The abstract company does not claim or make as of right exclusive use of the table or chairs; the space occupied by its employees is not in any way partitioned or divided from the balance of the room.   These employees in the above and all other respects have conformed to the demands and requests of the register in the use made of the office, equipment, and records.

The county court of Shelby county conceived that the defendant company should pay to it a rental for the use of the space, tables, chairs, and facilities, and by resolution ordered the bringing of the present suit, after compliance with a demand that the defendant become, and pay rent as, lessee was refused.

It is made clearly to appear that the presence and work of the two employees of the abstract company do not interfere with the work of the register or with the public in its use of the registry.   Eight other desks are maintained in the same room where these employees work, and they are generally unoccupied.   It is shown that the register of deeds makes no objection, but on the contrary is pleased to have the force of the defendant company carry forward its work as described, because of the indi-

cated incidental advantages to himself and subordinates.

The theory of the county is that the defendant has no legal right to so occupy space in the registry for the preparation of data for abstracts except where the abstracts are to serve a present demand therefor; further, that the preparation of abstract books for prospective uses is not legitimate, and being for the profit of a private corporation, the latter must pay the county a reasonable sum for the facilities afforded.

According to the rules of the common law as administered in England there was no general or public right of inspection of public records, that right being confined to those who had a personal interest in the property affected by the records. The greater portion of the real property in England was held by the nobility and the aristocracy in large estates, and the system that prevailed looked to the descent of realty to the oldest son and other heirs, often by entail, and this resulted in few transfers.

In America different ideals have prevailed, and these brought, as a necessary consequence, a decided change. Small holdings in fee have resulted from the American concept and principle of equality as between heirs, and activity of sales and freedom of transfer have been encouraged by the policy of our laws.

The earlier common-law decisions are, therefore, not applicable to the changed conditions, and should

Shelby County v. Memphis-Abstract Co.

have little influence in the molding of precedents respecting the right to inspect and make use of registries of titles. If subsequent purchasers and encumbrancers are to be charged with notice of all that appears of record affecting the particular real estate, it is but sheer justice that the law should be liberalized so as not only to extend the right of inspection to members of the public who may be interested in the title, but so as to expand the opportunity for notice to all who may be injured should they act or deal without notice. Sound policy would give to the contents of the registries of deeds, mortgages, and liens the widest possible publicity, and in the form that is the most reliable and reassuring. Whatever adds to the vendibility of real property at its full value augments the wealth of the State.

While the title examiner or abstracter has followed his profession ever since a system of registration was adopted, there has come in modern times the creation and development of the abstract company, which in turn has paved the way for and made possible the title guaranty company. The constantly increasing complication of land titles, especially in populous centers, has made each of these not only a utility, but a necessity, as aids in the ascertainment and assurance of rights based upon titles to realty.

It is interesting to note the persistence of the influence of early common-law decisions upon some of the modern rulings in respect to the rights of abstracters and abstract companies to inspect and make

use of public records in order that they may perform their legitimate and necessary service to the public. Several courts in announcing the rule applicable in such cases have conformed as nearly as might be to the common-law principle of restrictive inspection. *State ex rel.* v. *Grimes,* 29 Nev., 50, 84 Pac., 1061, 5 L. R. A. (N. S.), 545, 124 Am. St. Rep., 883, and cases cited therein and in the notes.

The doctrine of this line of cases is that the right of an abstract company to an inspection of the records and taking data therefrom exists only as to current or pending transactions in which the company is authorized or employed to make search or furnish particular abstracts; and the privilege of copying from the records for the purpose of compiling abstract books in order that the company may be able to supply for profit abstracts to all persons who may in the future desire them is denied.

These decisions have been criticised, justly as we think, by other courts.

In *Hanson* v. *Eichstaedt,* 69 Wis., 539, 35 N. W., 31, a suit similar to the present action, except that it was instituted by the register, it was said:

Complainant "contends that the right to inspect and copy public records is confined to those ·having some interest in the particular record sought to be . . . copied, and does not extend to one seeking to do so for mere curiosity, or for his own private gain. Such seems to be substantially the rule at common law."

Shelby County v. Memphis Abstract Co.

After reviewing authorities construing similar statutes of various States, the court said:

"In so far as the Alabama and Michigan courts may have indicated that a statute giving certain enumerated rights respecting records to 'any person' is a mere confirmation of a rule at common law, giving similar rights to only a particular class of persons, we must decline to follow them. On the contrary, we must hold that our statute in question extends such right of examination, etc., to 'any person' applying to such custodian of public records in a proper manner, subject, however, to the payment of fees when allowed, and such reasonable supervision and control by such officer as are essential to the covenient performance of his duties, and the current business of the public."

In *State of Minnesota ex rel. Cole* v. *Rachac,* 37 Minn., 373, 35 N. W., 7, the relator was an abstracter, and the defendant was the register. The court wrote:

"Counsel for appellant [the register] plants himself squarely upon the broad proposition that respondents are not entitled to any such privileges, because they have no interest in the records which they desire to examine. His contention may be briefly stated thus: (1) At common law no person had a right to copy or examine the records in a public office, in which he had no interest, present or prospective. (2) That the statute does not extend this right to others, but merely regulates its exercise by those who already possess it at common law. Conceding that

140 Tenn.—6

the rule at common law was as stated, the question is, how far has this been changed by General Statutes of 1878. . . . as amended by Laws of 1885 . . . ?

"In view of its very strong and general language, we are strongly inclined to think that the original statute gave to every person a right to inspect and examine, at all reasonable times, and in a proper way, all public records in the office of the register of deeds, whether he had any interest in them or not, subject, of course, to such reasonable rules as might be necessary to secure the safety of the records, and provided it was done in such a way as not to interfere with proper performance of the official duties of the register of deeds. . . . These abstract officers, if properly conducted, are a great public convenience, because for well-known reasons they are usually the only place where abstract of title can be conveniently obtained. It is essential to the convenient and proper transaction of the business that those engaging in it provide themselves with these 'tract indexes.' This can only be done by examination of the records in the register's office, and making copies or abstracts of the same. The right to do this had been usually exercised and conceded without question. But in some instances the right had been denied, and disputes and even litigation over the matter had arisen between the registers and the abstract men. . . . The original statute gave to every one demanding it the right to 'inspect these records.' "

See, also, *Clay* v. *Ballard*, 87 Va., 787, 13 S. E., 262; *Burton* v. *Tuite*, 78 Mich., 363, 44 N. W., 282, 7 L. R. A., 73; *State* v. *McMillan*, 49 Fla., 243, 38 South., 666, 6 Ann. Cas., 537.

Warville in his work Abstracts, page 71, on a review of the conflicting authorities expresses the view that free and unhindered inspection of public records should be accorded Abstracters as a matter of public interest, if not as a matter of private right.

The true right of an abstract company in this regard is not an unrestricted one. Its agents and employees must exercise the privilege by complying with such reasonable regulations as the law and the register, as custodian of the records, may prescribe, "such as a limitation on the number of employees that an abstracter may put at work on the records, at one time, decent and orderly behavior of such employees," etc. 1 R. C. L., p. 98, and cases cited.

By section 505 of Thompson's Shannon's Code the sheriff of the county is given charge of the courthouse, unless some other person is specially appointed by the court for the purpose, and he is given power to prevent trespassing and to exclude intruders. The county register is custodian of the records in his office, and in event the employees of defendant company should prove to be intruders by refusing to obey reasonable rules or demands of the register, or should unduly interfere with other members of the public in their use of the registry, the sheriff would have authority to exclude them.

The decisions above discussed, it is to be observed, involved the claim of right of registers to make charges against abstracters or abstract companies. In the instant case, this feature is not presented. On the contrary, the county register is content with the working place and methods of the abstract company, and satisfied with the aid he receives from data collected by it to which he may resort for needed information.

This being true, we think it manifest that the other county authorities, here asserting right of control, have no power to require the payment of a rental by the abstract company for the use of office space or facilities.

The power intrusted to county courts emanate from the legislature alone; hence the measure and limit of those powers are to be found in the statutes, and when a power claimed for them is not conferred by some statute it must be held not to exist. *Railway Co. v. Wilson County*, 89 Tenn., 597, 15 S. W., 446.

We fail to find any statutory power granted to the quarterly county court or to the county commissioners of Shelby county to lease any part of the space in the offices designated for the use of county officials, and we think it is clear that no such authority exists. The power, if existent, on exercise would give the lessee the right to control the space leased to him or it to the exclusion of other members of the public, and the leases could be multiplied, resulting in the serious

embarrassment of others whose rights to use the registery rooms and equipment cannot be denied.

In the absence of statutory authority no part of the rooms in current use as a registry of deeds and as part of a courthouse may be leased to be used for a period of months or years for private purposes. County buildings and their equipment are public property held by the county, but in trust for the public use. 7 R. C. L., p. 948; *State* v. *Hart,* 144 Ind., 107, 43 N. E., 7, 33 L. R. A., 118, and note; *Decatur* v. *De Kalb County,* 130 Ga., 488, 61 S. E., 23.

Any rule other than the one we declare would lead to entanglements and abuses against which the public should be protected as a matter of public policy. As pointed out by the court of civil appeals, the moment rent is charged and collected, special privileges arise, and, too, in a place where equal privilege must prevail.

Content as we are with the judgment of that court, the petition for writ of *certiorari* to review it is denied.