

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

**AUSTIN, TEXAS 78711**

December 10, 1970

Hon. Betty Dohoney
County Attorney
Hill County
P. O. Box 534
Hillsboro, Texas 76645

Opinion No. M- 744

Re: Whether the Commissioners'
Court of a county has the
authority to prohibit the
District and County Attorney
from using office space pro-
vided them in the courthouse
in the private practice of law.

Dear Mrs. Dohoney:

Your recent letter requests an opinion from this office
concerning whether the Commissioners' Court may prohibit County or
District Attorneys from using public facilities for private law
practice, such as office space in the courthouse as provided them
by the Commissioners Court for the discharge of their official duties.

Article V, Section 18 of the Texas Constitution, provides:

". . . The County Commissioners so chosen
with the County Judge, as presiding officer, shall
compose the County Commissioners Court, which shall
exercise such powers and jurisdiction over all county
business, as is conferred by this Constitution and
the laws of the State, or as may be hereafter pres-
cribed. . . ."

Article 2351, Subdivision 7, Vernon's Civil Statutes, makes
it the duty of the Commissioners Court to "provide and keep in repair
court houses, jails and all other necessary public buildings."

Article 1603, Vernon's Civil Statutes, enacted in 1879, pro-
vides as follows:

"The county commissioners court of each
county, as soon as practicable after the establish-
ment of a county seat, or after its removal from
one place to another, shall provide a court house
and jail for the county, and offices for county
officers at such county seat and keep the same in
good repair."

-3622-

In construing these constitutional and statutory provisions quoted above, the Court in Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App. 1938, error dism.), stated the following:

">. . . we think it clear that the commissioners' court is charged with the duty of providing a courthouse and has at least implied authority to regulate the use thereof within reasonable bounds. . . ."

Article 3899b, Vernon's Civil Statutes, first enacted in 1929, is a special statute and the latest statute concerning the duty and authority of the Commissioners Court to furnish office space and other facilities to County and District Attorneys. As such, it would control over the earlier general statute, Article 1603, to the extent of any conflict. In Section 1, it is provided that "suitable offices shall be provided" for certain enumerated officers, none of which include the County or District Attorneys.

Section 2 provides as follows:

"Suitable offices and stationery and blanks necessary in the performance of their duties may in the discretion of the Commissioners Court also be furnished to resident District Judges, resident District and County Attorneys, County Superintendents and County Surveyors, and may be paid for on order of the Commissioners Court out of the County Treasury." (Emphasis supplied.)

This office interpreted the above statute in Attorney General's Opinion O-2384 (1940), addressed to the then County Attorney of Martin County as follows:

"Under Section 2 of Article 3899b, as amended, the Commissioners Court is not required to furnish suitable offices, furniture, stationery and blanks necessary in the performance of the duties of the County Attorney, but such matters are left entirely within the discretion of the Commissioners Court."

This office further rendered a similar opinion to the County Attorney of Taylor County. Attorney General Opinion No. O-2963 (1940) and also rendered a similar statutory construction as regards the County Surveyor in Opinion No. O-3229 (1941). No court decisions to the contrary have been found, and the Legislature has since met many times in the subsequent thirty-year period without changing the statute in

this regard. Under these circumstances, the Attorney General's construction will usually prevail and the Legislature is presumed to have had such construction in mind in amending the statute being construed. Isbell v. Gulf Union Oil Co., 147 Tex. 6, 209 S.W.2d 762, 766 (1948). Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625 (1948).

In Tarrant County v. Rattikin Title Co., 199 S.W.2d 269 (Tex.Civ.App. 1947, no writ), the Court denied the right of the county to lease or rent office space in the courthouse to an abstract company. It said, in part:

". . . To allow the Commissioners' Court to lease or rent office space to private enterprise which was originally erected for the use of public office, would be placing the Commissioners' Court and private enterprise in the relation of landlord and tenant, and in a sense would be applying public property for private use, which is against the laws of our State."

In adopting the holding by the Supreme Court of Tennessee, Shelby County v. Memphis Abstract Company, 140 Tenn. 74, 203 S.W. 339 (1918), L.R.A. 1918E, 939, the Texas Court of Civil Appeals quoted therefrom, in part, at 199 S.W.2d 273:

"In the absence of statutory authority no part of the rooms in current use. . . and as a part of a courthouse may be leased to be used . . . for private purposes. County buildings and their equipment are public property held by the County, but in trust for the public use. 7 R.C.L. p. 948; /ex rel. Scott/ v. Hart, 144 Ind. 107, 43 N.E. 7, 33 L.R.A. 118, and note; /Town of/ Decatur v. DeKalb County, 130 Ga. /483/, 488, 61 S.E. 23."

In accord, see 14 Am.Jur.2d 208, Counties, Sec. 36; 15 Tex.Jur.2d 310, Counties, Sec. 84; Godley v. Duval County, 361 S.W.2d 629 (Tex. Civ.App. 1962, no writ).

In Dodson v. Marshall, supra, the Court at page 623, held that the Commissioners' Court had discretionary power to permit a cold drink stand to be operated in an un-used alcove in the rotunda of the courthouse for a stipulated rental, where the operation of the stand did not interfere with the proper use of the courthouse and it

was "a necessary convenience incident to the carrying on of the county's business in the courthouse."

To determine whether the law had been violated, the Court suggested a test: "Has there in fact been such a diversion of a material part of the premises as to interfere with the use of the property as a whole for the purposes for which it is intended?" The Court thereafter observed, with reference to the action of the Commissioners' Court, that ". . . if it appears that the court is exercising a reasonable discretion in this respect, its decisions ought not to be set aside."

The above holding recognized, however, that if the Commissioners' Court should permit the space to be used in such a manner as it would "unlawfully interfere with the right of the court to regulate the use of the courthouse" or for purposes other than county purposes, there might be a clear abuse of discretion. "But so long as there is a reasonable exercise of the discretion vested in the Commissioners' Court in a matter within its jurisdiction, that court alone has the right to determine the policy to be pursued. . . ." 118 S.W.2d 624.

In view of all of the foregoing, we have concluded that while the Commissioners' Court is authorized to furnish office space, it is not required to do so, and may, in its discretion, refuse to furnish courthouse office space to County or District Attorneys, upon a determination as a fact, that there has been by them such a diversion (through their pursuit of the private practice of law) of a material part of the premises as to interfere with the use of such property as a whole for the public purposes for which it is intended.

This office, however, cannot determine questions of fact; and since such a determination involves the exercise of discretion by the Commissioners' Court and the resolution of a fact question, we are without authority to advise whether or when such office space is being so used.

We also observe in this connection that District and County Attorneys are not prohibited by law from engaging in private practice, and the Commissioners' Court is without authority to prohibit such practice.

### S U M M A R Y

The Commissioners' Court is authorized but
not required to furnish office space in the

Courthouse and equipment to County and District Attorneys and may cease furnishing the same, in their discretion, which may include their determination as a fact that there has been such a diversion (through their pursuit of the private practice of law) of a material part of the premises as to interfere with the use of such property as a whole for the public purposes for which that property is intended.

The Commissioners' Court, however, may not prohibit District and County Attorneys from engaging in the private practice of law.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
J. C. Davis
Gordon Cass
Roger Tyler
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant.