## TARRANT COUNTY v. RATTIKIN TITLE CO.

No. 14792.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 10, 1947.

Samuels, Brown, Herman & Scott and Jesse M. Brown, all of Fort Worth, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson, Gillis A. Johnson, R. E. Hardwicke, Jr., and Jack Wessler, all of Fort Worth, for appellee.

HALL, Justice.

The Commissioners' Court of Tarrant County, Texas, brought this suit against appellee Jack Rattikin, doing abstract business under the trade name of Rattikin Title Company in said County, hereinafter styled appellee.

Tarrant County seeks in said suit to collect rent from appellee for office space, lights, water, heat, elevator and janitor service furnished to appellee by said County from March 1945 until the time of filing of its amended petition, at the rate of $30 per month.

Upon a pre-trial hearing, the trial court sustained appellee's special exceptions and a motion to strike the petition of said County, alleging in effect that same did not state a cause of action; hence, this appeal was filed by Tarrant County, hereinafter styled appellant.

In reviewing the pleadings and the judgment of the trial court, there being no findings of fact, conclusions of law, or statement of facts filed, we are obliged under the law to accept as true the allegations of appellant's pleadings while construing the validity of the trial court's action in striking said pleadings because of the failure of same to allege a cause of action. We then turn to the pleadings of appellant for study and find them to contain some 9 pages of the transcript, reciting in substance as follows:

That appellee is engaged in the business of compiling abstracts of the record title to lands in Tarrant County for profit; that he has sought for many years to obtain from the Commissioners' Court of Tarrant County permission to establish and maintain an office in the court house. That it has maintained said office in said court house, and that the appellant has furnished said office to said appellee, together with lights, water, heat, elevator accommodations and janitor service at the rate of $2.50 per month.

Appellant further alleges that there are four other abstract companies, each having a number of employees and doing abstract business in said County; that many typewriters are employed and the combined activities of all of the employees of all five abstract companies created considerable noise and confusion to such an extent that the space in the County Clerk's office heretofore allotted to the appellee and other abstract companies using such space became inadequate and so crowded that it was difficult for the various County officials, their deputies and the public generally to conveniently use the County Clerk's office, due to the increased business of the County Clerk's office, it needed the space occupied by the appellee and other abstract companies, so the appellant required the appellee to move to a room in the basement of said court house, where the County had gone to considerable expense in preparing said room for the exclusive use of appellee and other abstract companies. That said appellant further advised the appellee in writing prior to March 1, 1945, that the rental charge would be $30 per month for each month such space was used or occupied by the appellee. That the appellee moved into said space, used, occupied and enjoyed all of the conveniences as heretofore stated, therefore, acquiesced in said agreement to accept such space at the stated monthly rental value; that said space was prepared and equipped by the Commissioners of Tarrant County with tax funds. That said County is under no legal obligation to furnish free to the appellee such office space and accommodations. That said companies keep desks, typewriters, chairs and other furniture in said space. Appellant further alleges that in view of the fact that appellee was advised of the amount which the County would expend in arranging said space, and the further fact that Tarrant County would expect to be compensated for such services at the rate of $30 per month, that the appellee, by continuing to avail himself of the benefits above enumerated, impliedly agreed and contracted to pay to Tarrant County the sum of $30 per month by way of rentals, for the use and benefit of said space, heat, water, gas, janitor service, etc. That said $30 per month is reasonable and a custom-

ary amount to be paid for such rental space under such conditions in the City of Fort Worth, and that it has not been paid. The appellant further alleges an alternative plea of recovery based on quantum meruit.

The appellee levelled seven main special exceptions to appellant's petition, alleging in effect that the same should have been stricken because said appellant was without legal authority to charge rent or fees for the use of a space to inspect and copy public records; that it was the duty under the law for appellant to provide free of charge reasonable space and opportunity for citizens to examine, inspect and copy such public records; that said petition should have been stricken because the appellant did not have authority to enter into or exact any agreement, express or implied, from appellee to pay said fee or rent, and that said charge was not supported by any agreement whatever; that the inadequate space of the County Clerk's office and increase in its business, as well as increase in the abstract business, does not state any ground of liability against the appellee. That the appellee is a member of the general public and is entitled to access to such records, and that its rights should be no less nor its obligations no greater than those of any other member of the public; that the mere allegation that the appellee had paid the sum of $2.50 per month could have afforded no basis for any future obligation.

Appellant interposed five points of error, wherein it seeks reversal of this case. We will discuss them together since all of them surround the question as to whether the trial court committed error in holding that the petition of appellant seeking to recover reasonable compensation from appellee for the use of office space, lights, heat, water, janitor and elevator service furnished by appellant did not state a cause of action against appellee.

The exact question before this court is not whether the Commissioners' Court of Tarrant County has the lawful right to contract with appellee to pay rent for office space in the court house while appellee is examining, inspecting and copying the public records located in the County

Clerk's office, but the question before this court is whether the allegation in appellant's petition in this case states a cause of action against appellee. However, both stated questions are so closely related, while discussing the latter we will not refrain from discussing the former, in view of the fact that most of appellant's pleadings pertain to the issue of charging appellee rent for such space.

We find other courts have passed on this question; we do not find that it has been before our State courts.

In passing upon a new question, we naturally construe the statutes pertinent to the issue, and by such judicial construction we ascertain the legal rights between the parties. The first statute to be construed in this case is Art. 1945, R.C.S.:

"The clerk shall keep such other dockets, books and indexes as may be required by law; and all books, records and filed papers belonging to the office of county clerks shall at all reasonable times be open to the inspection and examination of any citizen, who shall have the right to make copies of the same."

We find this statute in the case of Tobin v. Knaggs, Tex.Civ.App., 107 S.W.2d 677, writ refused, has been construed to grant the appellee a legal right along with any other citizen to inspect and copy the records. To this right, afforded to appellee, the appellant admits, but said statute has not been construed to cover the question as to whether the appellant may legally charge the appellee for the space and accommodations furnished to it by appellant while he is employed or engaged in copying records under the stated set of facts set out in the appellant's petition. We find that the appellant would be without authority under the statute and under the facts, as alleged, to make such a charge for the following reasons:

1. We find appellant ordering the appellee to do his work in a certain part of the court house prepared by appellant for that purpose. This move was made for the benefit of the general public in granting a more free access to the clerk's office, as well as for an expansion of the clerk's office, which has an ever growing business.

Such a change forced the appellee and others to employ a person to convey the records to and from the clerk's office and the basement of the court house where such allotted space is located. This space was not asked for by appellee. The trial court found in his judgment that it was stated and admitted in open court by the plaintiff through its attorney of record the following:

"(1) That the defendant, Rattikin Title Company and the other abstract companies doing business in this county were removed from that part of the County Clerk's office where the public records are kept and assigned to the room which they now occupy by the plaintiff and the County Clerk, and not upon their own request.

"(2) That the space that the defendant and other abstract companies are now occupying in the court house is the only space made available to them, and such space and their present mode of operation as described in plaintiff's petition is necessary in order for them to have access to the public records and to afford them an opportunity to inspect and copy same; and it is neither alleged nor claimed that their method of work or mode of access to their inspection of and copying the records is being conducted in either an unreasonable or negligent manner, nor that they have violated any reasonable rules and regulations sought to be imposed upon them; but it is admitted that they have always refused to pay rent."

■ Such finding, we must accept as true, destroyed appellant's theory of implied contract.

2. A portion of Art. 3899b, Vernon's Ann.Civ.St., reads thus:

"There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; * * *."

■ We construe this Statute as granting appellant full authority to equip the

County Clerk's office and/or equip spaces within the court house allotted to the Clerk's office, with necessary furniture and fixtures to enable the citizens to accomplish the privilege granted them under Art. 1945. This we construe the appellant has done in preparing the space in the basement below the County Clerk's office; but to allow appellant to collect rent for such space would destroy the spirit of the Statute granting free access to the public records.

3. To allow a charge for such space to copy records would in a sense vitiate Art. 3904, R.C.S., which we construe to prohibit any public official from charging a fee to examine any papers of record in the County Clerk's office.

4. Appellant does not claim that appellee demands the exclusive use of this space even though it has allotted the same to appellee for that purpose, nor does it claim that appellee is demanding more privileges than any other citizen, except it does leave typewriters and other personal property in the court house overnight. We find the trial court's judgment destroyed appellant's allegation of quantum meruit. Said portion of the judgment is as follows:

"The court takes judicial knowledge of the fact that with the growth and accumulation of the public records the abstract companies are a necessary instrument of modern business life' and are themselves agents of the public who examine and copy the records as agents of the individual members of the public after receiving orders for the preparation of an abstract.

"The Court further takes judicial notice that it has never been the custom in any county in this State for the county to exact from the abstract companies making reasonable use of the public records either rent or fees in the guise of rent for the right to have access to and to inspect and copy the same, as was well known to the plaintiff at the time the defendant and the other abstract companies went into business and made plant investments."

5. Appellant relies principally upon the case of Dodson v. Marshall, Tex.Civ.App., 118 S.W.2d 621, writ dismissed, for authority to charge the appellee rent for space in the court house. This case in substance holds in part that the Commissioners' Court had discretionary power to permit a cold drink stand to be operated in an un-used alcove in the rotunda of the court house for a stipulated rental, where the operation of the stand did not interfere with the proper use of the court house, and would afford conveniences to those transacting business therein. The appellant's argument in the case at bar is that if the Commissioners'. Court is authorized to exact a charge from the operator of a cold drink stand within the rotunda of the court house, .that said Court also has authority to make a charge for office space used by abstractors where the abstractor has a desk, typewriters and office equipment, precluding the use of such space by others, or the general public, and where said court furnishes electricity, water, heat, janitor and elevator service to said abstractor. That such a right exists because it is a special service not furnished by the County to the general public in connection with the right of the general public to inspect the records and obtain copies thereof if desired. The difference we find between the Dodson case and the one under discussion is that the cold drink stand was erected in the court house for that specific purpose and was not located in that part of the court house designated for the use of county offices. To allow the Commissioners' Court to lease or rent office space to private enterprise which was originally erected for the use of public office, would be placing the Commissioners' Court and private enterprise in the relation of landlord and tenant, and in a sense would be applying public property for private use, which is against the laws of our State.

6. We find the Court did not err in striking appellant's petition and cite as our main authority a Tennessee Supreme Court case, to-wit, Shelby County v. Memphis Abstract Co., 140 Tenn. 74, 203 S.W. 339, L. R.A. 1918E, 939, which had the same question before it, and since this is a new question to our State jurisprudence, we think it pertinent and proper to quote a portion of this case:

"The bill of complaint was filed by the County of Shelby to recover of the defend-

ant company a sum claimed to be due for the use and occupation by the latter of working space in the registry of deeds of that county. * * *

"We think it manifest that the other county authorities, here asserting right of control, have no power to require the payment of a rental by the abstract company for the use of office space or facilities.

"The powers intrusted to county courts emanate from the Legislature alone; hence the measure and limit of those powers are to be found in the statutes, and when a power claimed for them is not conferred by some statute it must be held not to exist. Railway Co. v. Wilson County, 89 Tenn. 597, 15 S.W. 446.

"We fail to find any statutory power granted to the quarterly county court or to the county commissioners of Shelby county to lease any part of the space in the offices designated for the use of county officials, and we think it is clear that no such authority exists. The power, if existent, on exercise would give the lessee the right to control the space leased to him or it to the exclusion of other members of the public, and the leases would be multiplied, resulting in the serious embarrassment of others whose rights to use the registry rooms and equipment cannot be denied.

"In the absence of statutory authority no part of the rooms in current use as a registry of deeds and as a part of a court house may be leased to be used for a period of months or years for private purposes. County buildings and their equipment are public property held by the county, but in trust for the public use. 7 R.C.L. p. 948; State [ex rel. Scott] v. Hart, 144 Ind. 107, 43 N.E. 7, 33 L.R.A. 118, and note; [Town of] Decatur v. DeKalb County, 130 Ga. [483], 488, 61 S.E. 23.

"Any rule other than the one we declare would lead to entanglements and abuses against which the public should be protected as a matter of public policy. As pointed out by the Court of Civil Appeals, the moment rent is charged and collected, special privileges arise, and, too, in a place where equal privilege must prevail."

We adopt the holding in the above quoted case as being the law in Texas pertaining to this question.

7. The other theory advanced by the appellant in his pleadings which merits attention from this court is in substance that the right of an abstract company to inspect and copy records for pending transactions does not grant them the right to copy same to be sold in the future for profit. This proposition was upheld by the common law which was based upon the theory that only those who had an interest in the records would have a right to inspect them, but such rule has never been treated with favor in the courts of the United States, and has been severely criticized by many of our state courts. Hanson v. Eichstaedt, 69 Wis. 538, 539, 35 N.W. 30, 31; State ex rel. Cole v. Rachac, 37 Minn. 372, 373, 35 N.W. 7; Tobin v. Knaggs, supra.

■ This court takes judicial notice that all reputable abstractors should have free and unhampered access to the use of the public records located in the County Clerk's office, subject, of course, to reasonable rules and regulations set out by the County Clerk to protect the records and to minimize the interference in the Clerk's office, for several reasons.

First, abstract offices are the only convenient place where a person can obtain an abstract of title to real property.

Second, to retard the efficiency and speed in preparing abstracts would retard business transactions in real estate, which in turn would decrease the county's income derived from increase in tax renditions in a far greater amount than the cost of preparing the space allotted to persons to copy said records.

Third, to hamper the compiling of abstracts would in effect slow down the trial of lawsuits in civil cases involving title to real estate. See Rules 791, 792, 793 and 794, Texas Rules of Civil Procedure.

Fourth, the records of reputable abstract companies under certain circumstances may become competent prima facie evidence of title to real estate in case the original records are destroyed or lost. Art. 3729, R. C.S.

We therefore sustain the trial court's action in striking appellant's petition and hold that it did not err in sustaining appellee's special exceptions to same.

The judgment of the trial court is affirmed.