

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 29, 1949.

Hon. Will R. Wilson, Jr.    Opinion No. V-796.
District Attorney
Dallas 2, Texas            Re: The authority of the Com-
                               missioners' Court to pro-
Attn: Hon. Philip Silverberg   vide office space for the
                               Dallas County Democratic
                               Executive Committee in a
                               public building.

Dear Sir:

        You have submitted to this office the follow-
ing questions:

    "1.  Does the Commissioners' Court have any
         legal duty or responsibility to provide
         the Dallas County Democratic Executive
         Committee office space?

    "2.  Does the Commissioners' Court have author-
         ity to provide office space for any po-
         litical party?"

        In Attorney General's Opinion No. V-301 it was
held:

        "A Commissioners' Court may allot addi-
    tional offices to the County Clerk, if need-
    ed, for furnishing space to the general pub-
    lic to inspect and copy records, but may not
    grant space in the county courthouse to an
    abstract company for an office in which to
    conduct its business to the exclusion of all
    others."

        In view of the foregoing, no duty rests on the
Commissioners' Court to furnish office space to the Dal-
las County Democratic Executive Committee unless such
Committee consists of public officers. Therefore, the
question for our determination is whether officers of a
political party are public officers. This question is

discussed at length in the case of <u>Commonwealth of Penn-</u><u>sylvania v. Dunkle</u>, 355 Pa. 493, 50 A.(2d) 496, 169 A. L. R. 1277, and cases cited therein. The question in the Dunkle case was whether the Court had jurisdiction to determine whether a person claiming the office of Chairman of a County Committee of a political party had been legally elected to that office under the rules of the party. It was held in that case that since a County Chairman is not a public officer, the Court did not have jurisdiction in quo warranto proceedings to try title to the political office. In arriving at the conclusion that the Chairman of a County Committee of a political party was not a public officer, the Court stated:

> " . . . Kenneck v. Pennock, 305 Pa 288, 157 A 613, 614. In that case it was said that they 'have no municipal duties to perform, receive no compensation from the municipality, and the committee in which they may have membership is not a creature of the government, but solely pertains to an essentially political party.' To this we might add that, so far as the county chairman of a political party is concerned, he does not take the official oath prescribed for all county officers by Article 7, Section 1, of the Constitution, PS. The only logical interpretation of the reasoning of the Supreme Court is that a county chairman is not a public officer."

In the case of <u>Wall v. Currie</u>, 147 Tex. ____, 213 S. W.(2d) 816 (October 6, 1948), the Texas Supreme Court followed the holding in the Pennsylvania case and held that a political party's officers, such as members of executive committees, are not "public or governmental officers" even when provided for by statutory law. We quote the following:

> "Respondent contends also that the chairman of a Republican county executive committee is a public official, and as such 'is entitled to judicial process to protect him in the title to and possession of his office.' This contention is not sustained by the authorities. It is well established in this state, as well as in a majority of the other states, that officers of a political party, such as members

of a party executive committee, are not pub-
lic or governmental officers, even when pro-
vided for by statutory law. . . ."

In answer to your first question, therefore,
it is our opinion that the Commissioners' Court of Dal-
las County does not have any duty to furnish office
space to the Dallas County Democratic Executive Commit-
tee.

In Tarrant County v. Rattikin Title Co., 199
S. W.(2d) 269, it was held that the Commissioners' Court
of Tarrant County did not have authority to lease or
rent office space in the County Clerk's office to an ab-
stract company. We quote the following:

"Appellant relies principally upon the
case of Dodson v. Marshall, Tex. Civ. App.,
118 S. W. 2d 621, writ dismissed, for author-
ity to charge the appellee rent for space in
the court house. This case in substance
holds in part that the Commissioners' Court
had discretionary power to permit a cold
drink stand to be operated in an un-used al-
cove in the rotunda of the court house for a
stipulated rental, where the operation of the
stand did not interfere with the proper use
of the court house, and would afford conven-
iences to those transacting business therein.
The appellant's argument in the case at bar
is that if the Commissioners' Court is au-
thorized to exact a charge from the operator
of a cold drink stand within the rotunda of
the court house, that said Court also has au-
thority to make a charge for office space
used by abstractors where the abstracter has
a desk, typewriters and office equipment, pre-
cluding the use of such space by others, or
the general public, and where said court fur-
nishes electricity, water, heat, janitor and
elevator service to said abstractor. That
such a right exists because it is a special
service not furnished by the County to the
general public in connection with the right
of the general public to inspect the records
and obtain copies thereof if desired. The
difference we find between the Dodson case

and the one under discussion is that the cold drink stand was erected in the court house for that specific purpose and was not located in that part of the court house designated for the use of county offices. To allow the Commissioners' Court to lease or rent office space to private enterprise which was originally erected for the use of public office, would be placing the Commissioners' Court and private enterprise in the relation of landlord and tenant, and in a sense would be applying public property for private use, which is against the laws of our State."

In Attorney General's Opinion No. 0-7011 it was held:

"Following the reasoning in the foregoing opinion by Honorable B. F. Looney and the case of Dodson v. Marshall, 118 S.W.(2d) 621, writ dismissed, we held in Opinion No. 0-178 that the Commissioners' Court was without authority to rent or lease offices in the courthouse.

"In view of the foregoing it is our opinion that the county-district clerk cannot legally operate the abstract plant in her office or at any other place in the courthouse.

"We know of no authority for the Commissioners' Court to expend county funds for office equipment and supplies to be used for purposes other than 'county purposes.'"

We quote the following from 34 Tex. Jur. 3:

"Therefore in the absence of some prohibition in the organic law, the Legislature may designate and set apart public buildings or rooms therein for such purposes as it pleases. o o o

In the exercise of the above mentioned legislative power, the Legislature has provided in Article 2370, V. C. S., the following:

"Section 1. The Commissioners' Court of any county may, when necessary, provide buildings, rooms, or apartments at the county seat, other than the court house, for holding the sessions of the county courts, district courts and for carrying on such other public business as may be authorized by the Commissioners' Court, and may lease or rent such part of any such buildings, rooms, or apartments as may not be necessary for public use." (Underscoring added)

Therefore, it is our opinion that it is within the sound discretion of the Commissioners' Court whether it will lease or rent any part of any public building, except offices in the court house, to persons other than public officers. In the exercise of this discretion, however, it cannot rent any portion of such buildings to private enterprise when such space is necessary for public use.

## SUMMARY

A County does not have any duty to furnish office space to a political party's county executive committee, and cannot rent or lease office space in the court house to such committee. The County does have authority to rent office space in other public buildings to the committee when such space is not necessary for public use. Art. 2370, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

JR:bh

APPROVED

Price Daniel
ATTORNEY GENERAL