

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL.
ATTORNEY GENERAL.

AUSTIN, TEXAS 78711

January 6, 1977

The Honorable Pete Laney
Chairman
House Administration Committee
Texas House of Representatives
P. O. Box 2910, Capitol Station
Austin, Texas 78767

Opinion No. H-920

Re: Allocation of office space in the Capitol to news organizations.

Dear Chairman Laney:

You have asked our opinion on several questions relating to the practice of furnishing office space in the Capitol to news organizations.

Your first four questions are:

1. Does the State have a legal obligation to furnish office space to members of the media?

2. If the State does have a legal obligation to furnish office space, then may the State select between individual companies as to amount of space and to whom space is granted?

3. May the State provide office space free of charge to private concerns operating media services in the Capitol including businesses and associations who provide their subscribers or members with information about the Legislature?

4. May the State charge for space allocated to private concerns operating media services in the Capitol including businesses and associations who provide their subscribers or members with information about the Legislature?

p. 3855

Virtually identical questions were posed by the House Administration Committee in 1973 and were addressed in Attorney General Opinion H-184 (1973). After a discussion of relevant authorities, we said:

> [T]he House of Representatives has no constitutional or statutory obligation to provide rent free space to members of the media in the Capitol Building but . . . consistent with our traditional notions of open government and the need for an informed citizenry, and consistent with the purposes of the Open Meetings Law, the House and/or the Board of Control are amply justified in making a reasonable amount of space available for proper media purposes. And see Article 3, § 16, and Article 1, § 8, Constitution of Texas.
>
> . . . .
>
> Assuming that the space provided to the members of the media is insufficient to meet the needs of 'all legitimate members of the media,' it is our opinion that the House of Representatives or whoever else allocates the space, may do so in one of several ways, the only requirements being that the classifications of those who are to have space and those who are not must be reasonable and must not be based upon any unconstitutional discrimination. Id. at 4-5.

Your current questions attempt to distinguish between traditional news organizations and special interest newsletters. The latter would normally be directed to a relatively small group of subscribers who are interested in specialized information provided by the newsletter and are willing to pay subscription rates much higher than those associated with regular newspaper subscriptions. We do not believe that there is any necessary distinction between general news-gathering organizations and commercial special interest publications when determining whether their presence in a state-provided office contributes to the public interest in an informed citizenry. Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 48 L.Ed.2d 346 (1976).

Thus, in answer to your first three questions, the State is not obligated to furnish office space to members of news organizations, but it has ample authority to provide such space. We note that some sort of press room space is provided in or near 49 of the 50 state capitols. The fiftieth state provided such space in the past and planned to do so again on completion of its new capitol building. The Citizens Conference on State Legislatures, Legislative Openness at 128 (1974). Furthermore, a room for reporters has always been contemplated as a part of the current Texas capitol building. Third Biennial Report of the Capitol Building Commission (1886). The space may be provided to commercial, special-interest newsletters as well as to general newsgathering organizations. If the lack of space makes it necessary to distinguish between individuals in regard to the amount of space which is granted, distinctions may be made so long as they are reasonable and so long as rules are neither written nor applied to effect a content based discrimination among news organizations or reporters. Whether any particular distinction is reasonable will depend on the facts of that case.

Your fourth question involves charges for space and was also addressed in Attorney General Opinion H-184. That opinion indicated

> in the absence of legislation authorizing the collection of rent, no rental may be charged for space made available to members of the media or to others in state buildings. Tarrant County v. Ratikan Title Company, 199 S.W.2d 269 (Tex. Civ. App. -- Ft. Worth 1947, no writ).

Thus, the collection of rent is unauthorized unless and until the Legislature takes action to provide statutory authority for the rental of space.

Your next question is:

> 5. If the State provides office space for the exclusive use of the media, may the State require that the members of the media determine guidelines for the allocation of space to those persons or entities desiring the use of the press areas?

While no specific proposal is before us, it is our view that any scheme by which allocation of space in the Capitol was totally surrendered to a private organization would constitute an invalid delegation of legislative power. Attorney General Opinion H-41 (1973). See Tex. Const. art. 3, § 1; Nairn v. Bean, 48 S.W.2d 584 (Tex. Sup. 1932); Gay Investment Co. v. Texas Turnpike Authority, 510 S.W.2d 147 (Tex. Civ. App. -- Dallas 1974, writ ref'd n.r.e.); Attorney General Opinion H-890 (1976). Cf. Ray, Delegation of Power in Texas to Agencies Other than State Administrative Bodies, 16 Tex. L. Rev. 494, 506 (1938); Note, Delegation of Governmental Power to Private Groups, 32 Colum. L. Rev. 80 (1932).

Your final question is:

> 6. If the answer to [question 5] is 'no', then may the Legislature mandate rules, guidelines and definitions through which legitimate members of the press may be determined and qualified to occupy the office space furnished by the State? In addition, may the Legislature mandate rules by which qualified members must abide in order to continue in the use of the office space provided by the State?

As indicated in Attorney General Opinion H-184, the Legislature may establish procedures or guidelines for the allocation and use of space. The guidelines must be reasonable and not based on any unconstitutional discrimination. While the Legislature may not totally delegate the allocation of space to a private organization of news representatives, it may certainly seek the advice of any official or unofficial group in determining the rules, regulations and guidelines it will promulgate.

## S U M M A R Y

> The Legislature is not required to provide space in the Capitol for news organizations, but it has ample authority to do so. The Legislature has ultimate authority for the allocation of space, but

its rules must be reasonable and neither written nor applied to effect a content-based discrimination among news organizations or reporters.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb