

# The Attorney General of Texas

July 7, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas District Attorney
6th Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-200

Re: Office space in courthouse for news media and title companies; telephone for news media

Dear Mr. Wade:

You have requested our opinion regarding the authority of a commissioners court to furnish space in the county courthouse to members of the news media, title companies and credit unions.

Article 2351(7), V.T.C.S., authorizes the commissioners court of every county to:

> [p]rovide and keep in repair court houses, jails and all necessary public buildings.

Article 1603, V.T.C.S., provides that:

> [t]he commissioners court of each county. . . shall provide a courthouse and jail for the county, and offices for county officers. . . and keep the same in good repair.

In Dodson v. Marshall, 118 S.W. 2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd), the court held that these express statutory powers conferred upon a commissioners court the implied authority to rent a space in its courthouse for a cigar and cold drink stand. The commissioners need only determine, the court said, that operation of the business is "necessary to the convenience of county employees and others having business to transact in the courthouse." 118 S.W. 2d at 623.

In Tarrant County v. Rattikin Title Company, 199 S.W. 2d 269 (Tex. Civ. App. - Fort Worth 1947, no writ), the court upheld the principle that the commissioners court is authorized to allocate space in its courthouse, but said that it may not charge rent for any space "which was originally erected for the use of public office." 199 S.W. 2d at 272. The court viewed the beneficiaries—in this case, five title companies—as "agents of the public who examine and copy the records. . . after receiving orders for the preparation of an abstract." As a result, the court sanctioned the allocation of space to the title companies, but no rental was permitted. Id.

In our opinion, <u>Rattikin</u> is dispositive of your inquiry regarding title companies. Accordingly, we believe the county may allocate space to such companies.

As to members of the news media, Attorney General Opinion H-920 (1977) said that the legislature is authorized to allocate space in the Capitol Building to news organizations, on the basis of 'our traditional notions of open government and the need for an informed citizenry and consistent with the purposes of the Open Meetings Law.' <u>See</u> Attorney General Opinion H-184 (1973). The only qualification imposed was that space allocations must be reasonable and not applied to effect a content-based discrimination among news organizations or reporters.

We believe that a commissioners court, consistent with the reasoning of <u>Rattikin</u> may likewise determine that courthouse space should be allocated to members of the news media. The same standards of reasonableness and non-discrimination would of course be applicable to any such allocation.

As to the charging of rent, <u>Rattikin</u> and Attorney General Opinion H-920 view the title companies and members of the news media as "agents of the public" and view the provision of space to them as essentially making the same type of services available as are provided to the general public. As a result, on the basis of the <u>Rattikin</u> principle, rent may not be charged to such entities.

You also ask about the furnishing of space to a county employees' credit union. We believe this to be discretionary with the commissioners court within its authority to provide for its employees. A credit union is a voluntary, cooperative, non-profit financial institution organized under either the Texas Credit Union Act, article 2461-1.01, et seq., V.T.C.S.,or the Federal Credit Union Act, 12 U.S.C. section 1751, et seq. Even the use of the name "credit union" is restricted to those entities organized thereunder. V.T.C.S., art. 2461-2.07. Membership in a credit union is restricted under both the State and Federal Acts to persons who possess what has traditionally been referred to as a common bond. Occupation is recognized as being one factor which may be used to establish a credit union, and a credit union comprised of county employees would meet this requirement. V.T.C.S., art. 2461-3.01(a)(1); 12 U.S.C. § 1759. The legislature has accorded recognition to credit unions composed of county employees as it has permitted commissioners courts to authorize payroll deductions to a credit union from county employees' salaries. V.T.C.S., art. 2372h-4.

In our opinion, the commissioners court, under the <u>Dodson</u> rationale, may properly conclude that the presence of a county employees' credit union within the courthouse "is necessary to the convenience of county employees." We believe that the commissioners court is authorized to charge the credit union rent, but it is not required to do so if it properly determines that the county derives substantial benefit from having the county employees' credit union easily accessible to county employees.

Your final question is whether free telephone service may be provided to the media for their exclusive use. While allocation of courthouse space to the media may be necessary to promote open government and help maintain an informed citizenry, we

do not believe that the furnishing of free telephone service for the exclusive use of the media would substantially further those objectives, at least not to the extent necessary to overcome the objections of article 3, section 51 of the Texas Constitution. In our opinion, the addition of free telephone service for the exclusive use of the media would not provide an appreciably greater public benefit than merely making work space available while the additional cost to the county would probably be substantial. In the absence of additional facts not presented to us, we do not believe that the commissioners court could reasonably conclude that a proper public purpose would be achieved by making free telephone service available to members of the media.

## SUMMARY

If a commissioners court makes a proper determination it may allocate courthouse space to entities such as representatives of the media, title companies and employee creit unions. Allocations of space must be reasonable and not unconstitutionally discriminatory. Free telephone service may not normally be provided to members of the media for their exclusive use.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Tom Pollan
Bruce Youngblood