

# THE ATTORNEY GENERAL
## OF TEXAS

July 20, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Tony Hileman
Marion County Attorney
105 Austin Street
Jefferson, Texas  75657

Opinion No. JM-753

Re:  Whether a county may furnish rent-free office space in the county courthouse annex to a chamber of commerce

Dear Mr. Hileman:

You ask whether Marion County may provide rent-free office space in the county courthouse annex building to the Marion County Chamber of Commerce.

Article 2351(7), V.T.C.S., authorizes the commissioners court of each county to

> provide and keep in repair court houses, jails and all necessary public buildings.

Article 1603, V.T.C.S., provides that

> [t]he commissioners court of each county . . . shall provide a courthouse and jail for the county, and offices for county officers . . . and keep the same in good repair.

The Marion County Commissioners Court has only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state.  See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948).

The question of renting space within a courthouse has been litigated.  In Tarrant County v. Rattikin Title Company, 199 S.W.2d 269 (Tex. Civ. App. - Fort Worth 1947, no writ) the court found authority for the commissioners to assign space in the courthouse basement for use by five title companies to inspect and copy real property records.  The companies were viewed as "agents of the public who examine and copy the records as agents of the individual members of the public after receiving orders for the preparation of an abstract."  199 S.W.2d at 272.  The Rattikin court disallowed the county's attempt to charge rent for the space provided to the title

companies, because it was space that the court required the companies to use to perform their examinations of public records. The court considered that rental charges under those facts would constitute a prohibited fee for the examination of public records.

In Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. - Waco 1938, writ dism'd), the court approved the rental of an alcove in a courthouse rotunda for a cigar and cold drink stand as a permissible exercise of the county's duty to provide a courthouse. The court viewed the stand as a "necessary convenience incident to the carrying on of the county's business in the courthouse." 118 S.W.2d at 623. The court noted that the rented space was not suitable for use for county offices, that no public funds were expended to maintain the space, and that the use did not interfere with the proper use of the courthouse. 118 S.W.2d at 622 and 624.

Relying on the rationale in Rattikin and Dodson, this office has determined that a county may allocate free space in the courthouse for use by the news media and by a county employees' credit union. See Attorney General Opinion MW-200 (1980).

In our opinion, the Marion County Chamber of Commerce is not "an agent of the public" equivalent to the news media or title companies. Nor is it an entity similar to a cigar stand or a credit union whose presence in the courthouse is necessary to the convenience of county employees or those transacting business in the courthouse. Therefore, we do not believe that the commissioners court may provide free office space in the courthouse to the chamber of commerce without violating article III, section 51, of the Texas Constitution. See Attorney General Opinion JM-716 (1987) (payment of chamber of commerce dues by county is illegal donation of county funds).

Your question involves office space in a courthouse annex, not space in the courthouse proper. If the annex is considered to be an addition to the courthouse building, the preceding discussion controls. However, if the annex is a separate public building distinct from the courthouse, other statutes may apply.

Article 2370, section 1, V.T.C.S., provides:

> The Commissioners Court of any county may, when necessary, provide buildings, rooms, or apartments at the county seat, other than the courthouse, for holding the sessions of the County Courts, District Courts, and for carrying on such other public business as may be authorized by the Commissioners Court, and may lease or rent such part of any such buildings, rooms, or apartments

as may not be necessary for public use.   (Emphasis added).

Article 2370b, V.T.C.S., provides, in pertinent part:

Section 1.  Whenever the Commissioners Court of any county determines that the county courthouse is not adequate in size or facilities to properly house all county and district offices and all county and district courts and all justice of the peace courts for the precincts in which the courthouse is situated, and to adequately store all county records and equipment (including voting machines) and/or that the county jail is not adequate in size or facilities to properly confine prisoners and other persons who may be legally confined or detained in a county jail, the Commissioners Court may purchase, construct, reconstruct, remodel, improve and equip, or otherwise acquire an office building or buildings, or courts building or buildings, or jail building or buildings (in addition to the existing courthouse and/or jail), or an additional building or buildings in which any one or more of the county or district offices or county, district or justice of the peace courts, or the county jail or any other county facilities or functions may be housed, conducted and maintained; and may purchase and improve the necessary site or sites therefor, and may use such building or buildings for any or all of such purposes, provided that any such building or buildings so acquired shall be located in the county seat. . . .

Sec. 2.  Such building or buildings, when purchased, constructed or otherwise acquired and equipped may also be used for the purpose of carrying on such other public business as may be authorized by the Commissioners Court, and/or the Commissioners Court may also lease or rent any part or parts of any such building or buildings, (which may not be presently needed for any of the above purposes) to the State of Texas and any of its political subdivisions, and the Federal Government.  (Emphasis added).

Article 1577, section 1(a), V.T.C.S., provides:

> The Commissioners Court may, by an order to be entered on its minutes, appoint a Commissioner to sell or lease any real estate of the county at public auction, and notice of said public auction shall be advertised at least twenty (20) days before the day of sale, by the officer, by having the notice thereof published in the English language once a week for three (3) consecutive weeks preceding such sale or lease in a newspaper in the county in which the real estate is located and in the county which owns the real estate, if they are not the same. (Emphasis added).

None of these statutes authorizes the donation of space in a county building other than the courthouse to be used for private purposes. However, pursuant to the above-quoted statutes, the commissioners court may lease space in a building other than the courthouse to a private or public entity if the space is not currently needed for county business.

## S U M M A R Y

> Marion County may not donate office space in the county courthouse annex to the Marion County Chamber of Commerce. The commissioners court may lease space in a county building other than the courthouse to the chamber of commerce.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen Gladney
Assistant Attorney General