The PERMIAN REPORT, Appellant,

v.

**Pat LACY, County Clerk of Gaines County, Texas, et al., Appellees.**

No. 08–91–00074–CV.

Court of Appeals of Texas, El Paso.

Oct. 9, 1991.

Rehearing Overruled Nov. 20, 1991.

Michael T. Morgan, Morgan, Ward & Leeton, P.C., Midland, for appellant.

James P. Allison, Allison & Associates, Austin, for appellees.

OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

OSBORN, Chief Justice.

The Appellant filed a suit for declaratory judgment, mandamus and injunction seeking to obtain a judgment which would declare its right to microfilm county records. It also sought to recover its attorney's fees. After a finding that the County Clerk had established prudent and reasonable rules for the copying of county records, all relief requested by the Appellant was denied. Since judgment was en-

tered, there has been a change in the Office of the County Clerk and we have substituted the present Clerk as an Appellee. We affirm in part, reverse and render in part and sever and remand the issue of attorney's fees.

This appears to be a case of first impression as to what are reasonable rules for a county clerk to impose upon a party who desires to copy deed and lien records and other instruments that might affect land titles within a particular county. In early 1987, a request was made for permission to microfilm certain records in Gaines County. The County Clerk refused to permit microfilming of records in her office. In April 1987, a written request was sent to the Clerk. A couple days later, personnel arrived at the Clerk's office to begin microfilming. Again, the request was refused. The Clerk agreed to sell copies of the records at a cost of $1.00 per page or to permit handwritten copies to be made. There being more than one million pages involved, neither alternative was accepted. Another letter was sent in September 1989, which advised suit would be filed if permission for microfilming was not granted. This suit followed.

Following a trial in May 1990, the trial court continued the case for sixty days to allow the Clerk to adopt reasonable rules and regulations for access to public records and to protect such records. The judge's letter to the attorneys for the parties set forth certain guidelines for the Clerk to consider in any rules that might be adopted.

On June 15, 1990, the Clerk adopted "Rules of Procedure for Copying of Records." (See attached copy). These rules require the filing of an application which contains the name and address of the applicant, the records to be copied and the equipment to be used and information as to the space required. The Clerk can impose reasonable and necessary requirements to insure the safety of the records and maintain the efficiency of the office. An applicant may be required to reimburse the Clerk for the cost of a supervisor who will control the reproduction procedure. The Clerk will set the time and dates for the copying process. The applicant can be required to submit an indemnity bond or cash deposit for any loss resulting from the copying procedure. A certificate of insurance can be required to provide protection for personal injury or property damage arising from the work performed by the applicant. The applicant is restricted to the area designated by the Clerk. Where records are on microfilm, a copy shall be available to an applicant at a reasonable cost. Where an applicant does microfilming of records, the Clerk may obtain a copy for the cost of such copy.

At a subsequent hearing, the court determined that the Clerk had established prudent and reasonable rules for the copying of county records. The court then entered judgment which denied all relief to the Appellant. Following a timely request, the court filed findings of fact and conclusions of law. The court found the rules did not deny access to the public records of Gaines County and that they properly provided for the safety and protection of the records and for the efficiency of the copying process and protected against any potential disruption of the business and operations of the Office of County Clerk. The court concluded that Tex.Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1991) does not grant members of the public an unlimited right to copy, with their own copying equipment, information deemed public under the Texas Open Records Act. It also concluded the request to copy public records may be regulated so as to protect such records and to prevent the disruption of the Office of the Clerk.

The Appellant argues together its first four points of error which assert the trial court erred in approving rules which require (1) payment for supervision provided by the Clerk's office; (2) insurance to have access to the Clerk's records; (3) an indemnity bond in order to copy public records; and (4) providing the Clerk with a copy of microfilm made of court records at cost.

As early as 1937, the courts of this state recognized a right to make photographic copies of deed records in the office of the

county clerk. *Tobin v. Knaggs,* 107 S.W.2d 677 (Tex.Civ.App.—San Antonio 1937, writ ref'd). In reaching its decision, the Court said of the office of the county clerk:

It is a purely public office, open alike at all times, and upon the same terms, to all members of the public, subject to such reasonable rules and regulations as may be imposed, in good faith, by the clerk.

*Id.* at 680. In that opinion, the Court noted the copying process did not increase the fire hazard or other dangers, that it was not a nuisance and does not inconvenience the clerk or disturb the clerk's office.

Ten years later, the Court in *Tarrant County v. Rattikin Title Co.,* 199 S.W.2d 269 (Tex.Civ.App.—Fort Worth 1947, no writ) followed the *Tobin* decision and held that there was no authority for a county clerk to charge an abstract company for office space provided in the courthouse while copying public records. The Court said:

This court takes judicial notice that all reputable abstractors should have free and unhampered access to the use of the public records located in the County Clerk's office, subject, of course, to reasonable rules and regulations set out by the County Clerk to protect the records and to minimize the interference in the Clerk's office....

*Id.* at 273.

First, we note that Tex. Local Gov't Code § 191.006 (Vernon Supp.1991) provides:

All records belonging to the office of the county clerk to which access is not otherwise restricted by law or by court order shall be open to the public at all reasonable times. A member of the public may make a copy of any of the records.

Next, we note that Local Government Code Chapter 118 sets certain fees to be charged by a county clerk. In that chapter, Tex. Local Gov't Code §§ 118.011 and .013 (Vernon 1988) sets fees for real property records filing. Section 118.011(b) permits the clerk to "charge reasonable fees for performing other duties prescribed or authorized by statute for which a fee is not

prescribed by this subchapter." Finally, § 118.024 provides:

(a) This subchapter does not limit or deny any person full and free access to any document referred to in this subchapter. A person is entitled to read, examine, and copy from those documents or from any microfilm or other photographic image of the documents.

(b) A person may exercise the right provided by this section without paying any charge under the reasonable rules of the county clerk at all reasonable times during the hours in which the clerk's office is open to the public.

The last quoted section provides a right to full and free access to the records in issue in this case. Included is the right to copy from those documents. There is included the provision that such rights are provided without paying any charge.

The Texas Open Records Act applies to governmental bodies, commissions, institutions and agencies. The definitions used in Article 6252–17a, § 2 does not appear to include an individual like a county clerk, as opposed to governmental bodies and boards. Perhaps the Clerk's office is an "agency" which is supported by public funds. There are a wide range of entities which have been held to be within the Act. J.H. Spurgin II, *The Texas Open Records Act,* 50 Texas Bar Journal 596 (1987). Certainly deed and lien records would be "public records" within the definition of that term in the Texas Open Records Act. Article 6252–17a, § 2(2). That Act provides in § 5(b) that the only inquiry to be made of a person who applies for inspection or copying of public records shall be to establish proper identification and the public records being requested. Section 10(b) makes it an offense for an officer for public records, who with criminal negligence, refuses to give access to, or refuses to permit or provide copying of public records to any person upon request.

In this case, it appears that the rules of procedure adopted by the Clerk went beyond that permitted by the statutes which provided for full and free access and the right to copy. We sustain Points of Error

Nos. One through Four. We affirm that part of the trial court's order which found the County Clerk of Gaines County has established prudent and reasonable rules for the copying of county records, except as to paragraphs three, five and seven. As to those particular paragraphs which provided for reimbursement for supervision of copying, financial responsibility and copies of microfilm, we reverse and render the judgment of the trial court and hold those provisions of the rules are unreasonable and unenforceable.

We overrule Point of Error No. Five. Appellant sought a declaratory judgment of its right to microfilm, and the judgment approves rules which recognize that right.

We sustain Point of Error No. Six. The Appellant, having successfully obtained reasonable rules for copying documents in the Office of the County Clerk, must be considered the successful party in this litigation. Tex.R.Civ.P. 131. All costs are taxed against the Appellees.

We sustain Point of Error No. Seven. We sever the claim for attorney's fees and reverse and remand that issue to the trial court.

The judgment of the trial court, except as to attorney's fees, is affirmed in part and reversed and rendered in part and costs are taxed against the Appellees. The claim for attorney's fees is severed and it is reversed and remanded to the trial court.

APPENDIX COPY

COPY

STATE OF TEXAS

COUNTY OF GAINES

### RULES OF PROCEDURE
### FOR COPYING OF RECORDS

The following rules are applicable to parties who desire to copy or reproduce records of the County Clerk of Gaines County, Texas. These rules have been promulgated pursuant to an Order of the District Court of Gaines County, Texas. The purpose of the rules is to provide access to public records, insure the maximum safety of the records, and maintain efficiency of the clerk's office. The rules are also structured to provide minimum disruption to the operation of the County Clerk's office and are based upon the facilities of Gaines County and the unique characteristics of the records of Gaines County, Texas. These rules are intended to apply only to the office of the County Clerk of Gaines County, Texas and should not be interpreted to apply in any other context or to any other office.

1. Application: Any person or entity desiring to make copies of the records of the County Clerk's office through the use of personal copying techniques and equipment shall submit the attached application. The Clerk shall, within a reasonable period from receipt of the application, process the copying request by evaluating the information therein and other pertinent data. The Clerk shall inform the applicant of the applicable rules to the applicant's request for copying. Failure to submit a complete application with signature shall constitute grounds for denial of the application to copy records.

DEFENDANT'S
EXHIBIT
3

subr. 2. Discretionary Determination of Requirements: In determining the requirements of any applicant who seeks to copy records, the County Clerk shall make an assessment based upon the information provided in the application. The Clerk may impose such reasonable and necessary requirements upon the applicant to insure the safety of the records and maintain the efficiency of the office. The Clerk shall take into account in making the assessment, the number of records to be copied, the length of time estimated to conduct the copying, the dismantling of bound volumes, the size and efficiency of the equipment to be used, the manner in which the records are to be arranged and produced for copying, the activities to be conducted in the office of the County Clerk at the time and place of such copying and any other factors that will affect the operation of the office.

3. Reimbursement for supervision of copying: The County Clerk shall, based upon her discretion, assess the nature and extent of the applicant's copying request. Based upon the assessment, the Clerk may require the hiring or designation of a supervisor to exercise control over the copying of the records by the applicant. In this event, the costs of supervision shall be paid by the applicant and the Clerk may require that a reasonable deposit be posted with the Clerk's office to insure the prompt payment of the hiring or reimbursement of expense of designation of supervision personnel. The supervision shall be conducted by an authorized deputy clerk of the office of the County Clerk of Gaines County, Texas.

4. Notice for Request to Copy: Based upon the information

supplied in the application, the Clerk shall make a determination of the time, days, and dates the copying shall be performed which shall be reasonable based upon the conditions and circumstances of the office of the County Clerk and the applicant.

5. Financial Responsibility: The Clerk may require that the applicant submit an indemnity bond with a good and sufficient corporate surety licensed by the State of Texas and made payable to the County of Gaines. The bond shall insure the protection of the records, indemnification for potential claims and payment of costs for the copying of records. In the alternative a cash deposit may be used. The amount of the bond or the cash deposit shall be determined by the Clerk and shall be a reasonable amount based upon the assessment of information contained in the application. In the event cash payment is posted such cash shall be in the form of certified funds and shall be deposited in the depository bank of the county to be held in trust until such time as the applicant-operator has completed such copying operations.

The applicant-operator shall be required to provide to Gaines County a certificate of insurance for the coverage of premises liability, personal property and personal injury in an amount to be determined by the County Clerk. Such indemnity bond or cash deposit and certificates of insurance shall be provided to the County Clerk at least 24 hours prior to the commencement of any copying operations.

6. Space for Copying: The Clerk shall determine, based upon the assessment of the information contained in the application, a reasonable space necessary to conduct the copying of the records.

The applicant shall be restricted to the space specified by the Clerk to conduct the copying of the records.

7. Copies of Microfilm:  In the event the copying process to be used by the applicant involves the microfilming of records, the Clerk may require the applicant to allow the Clerk to copy at cost the microfilm processed by the applicant for availability to the public.  The Clerk shall give notice to the applicant of the intent to secure a copy of such microfilm at the time the application is processed.

8. Existing Microfilm Records:  In the event the records described in the application are on microfilm, the applicant shall be entitled to secure a copy of the microfilm records at reasonable costs and under such circumstances as the Clerk shall require. The costs of such reproduction of the microfilm records shall be reasonable.  The cost of copying shall take into include any injury or damage to the microfilm, which may occur during the copying. In the event the duplication of the microfilm records shall cause the loss of resolution or other damaging condition to the base microfilm records, the cost of reproducing said microfilm shall be assessed to the applicant.

9. Non-compliance with Rules:  Substantial failure to adhere to these rules by any applicant shall result in the suspension of the copying request and process until compliance is achieved.  The clerk shall have the right to modify the terms and conditions of the rules based upon unforseen or material intervening causes as determined in the discretion of the clerk.

10. Other Rules:  Because of the extensive variations in

reproduction equipment and the duplication techniques employed, it may become necessary for the Clerk to impose such reasonable and necessary rules to be applied based upon the particular equipment or technique described in the application. In such event, the Clerk may impose such rules and regulations as are fair and reasonable and which will provide access to the records by the public in accordance with the laws of the State of Texas.

Adopted this 15th day of June, 1990.

Freida Nichols
County Clerk
Gaines County, Texas

GAINES-FEXCIAN:procedure.rul