

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 14, 2006

The Honorable David Aken
San Patricio County Attorney
San Patricio County Courthouse, Room 102
Sinton, Texas 78387

Opinion No. GA-0400

Re: Whether an individual or company may set up a plat copying machine in a county clerk's office or in another area of the county courthouse (RQ-0379-GA)

Dear Mr. Aken:

You ask whether an individual or company may set up a plat copying machine in a county clerk's office or in another area of the county courthouse.[1]

You provide us with the following facts:

> The San Patricio County Clerk's office does not have a copy machine capable of copying property plats in the office. This office is comprised of space on the first floor and basement of the San Patricio County Courthouse. *There is not enough space on either floor of the office to set up a plat copying machine.*
>
> *The Clerk's office has had, and continues to have, an arrangement with the County Surveyor's ("King and Petrus") office whereby a Deputy County Clerk transports requested plats to the County Surveyor's office. The plats are left in the temporary custody of the County Surveyor's office only because of that office's standing as County Surveyor.* Otherwise, plat maps (and other public documents) are never allowed outside of the clerk's office – even within the courthouse – without the continued presence of a Deputy Clerk.
>
> *While space may be available in the basement of the courthouse outside of the County Clerk's office, with the consent of*

---

[1]*See* Letter from Honorable David Aken, San Patricio County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Aug. 16, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> *the County Judge, a Deputy County Clerk would be required to be continually present with the plats when they are removed from the Clerk's office. This would cause an unreasonable disruption of the business operations of the Clerk's office in that the Deputy Clerk would not be able to complete her regular duties during the several days (the title company anticipates three days) that would be necessary for the plat copying to be completed.*

Request Letter, *supra* note 1, at 1-2 (emphasis added).

Subchapter B of chapter 118 of the Local Government Code provides for fees of the county clerk other than court fees. *See* TEX. LOC. GOV'T CODE ANN. §§ 118.011-.025 (Vernon 1999 & Supp. 2005) (subchapter B). Section 118.024 provides:

> (a)  This subchapter does not limit or deny any person full and free access to any document referred to in this subchapter. A person is entitled to read, examine, and copy from those documents or from any microfilm or other photographic image of the documents.
>
> (b)  A person may exercise the right provided by this section without paying any charge under the reasonable rules of the county clerk at all reasonable times during the hours in which the clerk's office is open to the public.

*Id.* § 118.024 (Vernon 1999). You believe that the county clerk is not required under section 118.024 to permit an individual or company to bring its own plat copying machine into the clerk's office, and you base this view upon Attorney General Opinion JM-757 (1987). *See* Request Letter, *supra* note 1, at 1-2. That opinion states that although the predecessor statute to section 118.024 "indicates that members of the public may make copies themselves, it does not guarantee a specific method of copying or an unlimited right to copy." *See* Tex. Att'y Gen. Op. No. JM-757 (1987) at 2. If Opinion JM-757 were the only authority in this matter, your position would be compelling. Two judicial decisions, however, one prior to Opinion JM-757 and the other subsequent to it, shed additional light on the issue.

In a 1947 case, the court took "judicial notice that all reputable abstractors should have free and unhampered access to the use of the public records located in the County Clerk's office, subject, of course to reasonable rules and regulations set out by the County Clerk to protect the records and to minimize the interference in the Clerk's office . . . ." *Tarrant County v. Rattikin Title Co.*, 199 S.W.2d 269, 273 (Tex. Civ. App.–Fort Worth 1947, no writ). Although *Rattikin Title* long preceded the days of plat copying machines, and indeed centered on the combined use of "many typewriters," *id.* at 270, the principle stated there – free and unhampered access subject to reasonable regulations to protect records and minimize interference – is indeed relevant to the present inquiry.

In *The Permian Report v. Lacy*, a company that wished to microfilm public land records brought an action against the county clerk of Gaines County. The court preliminarily noted that

"[t]his appears to be a case of first impression as to what are reasonable rules for a county clerk to impose upon a party who desires to copy deed and lien records and other instruments that might affect land titles within a particular county." *The Permian Report v. Lacy*, 817 S.W.2d 175, 176 (Tex. App.–El Paso 1991, writ denied). The clerk in that case did not contend that space was unavailable, nor was there any indication that a plat copying machine was involved. Rather, the clerk had promulgated ten rules "applicable to parties who desire to copy or reproduce records of the County Clerk of Gaines County, Texas." *Id.* at 178. The trial court upheld all of the clerk's rules. *See id.* at 175. The appellate court affirmed the "part of the trial court's order which found [that] the County Clerk of Gaines County . . . established prudent and reasonable rules for the copying of county records, except as to" the third, fifth, and seventh rules. *Id.* at 178. The third rule required the party making copies to reimburse the clerk for supervision of copying, *id.* at 178; the fifth required the party making copies to submit an indemnity bond to "insure the protection of the records, indemnification for potential claims and payment of costs for the copying of records," *id.*; and the seventh required the party making copies to allow the clerk "to copy at cost the microfilm processed by the applicant for availability to the public." *Id.* The rules upheld by the court included rule one, which permitted the clerk to require from the person making copies an application to copy particular records, *see id.*; rule two, which allowed the clerk to "impose such reasonable and necessary requirements upon the applicant to insure the safety of the records and maintain the efficiency of the office," *id.*; rule six, which permitted the clerk to "determine, based upon the assessment of the information contained in the application, a reasonable space necessary to conduct the copying of the records" and to restrict that space to the area specified by the clerk, *id.*; and rule ten, which allowed the clerk to "impose such reasonable and necessary rules to be applied based upon the particular equipment or technique described in the application." *Id.*

In our opinion, neither *Rattigan Title* nor *Permian Report* fully addresses your request, but together they provide some guidelines regarding the clerk's rights and responsibilities. Most significantly, *Permian Report* strongly implies that the clerk should promulgate written rules that will be imposed equally on all those who wish to copy real property records, including plats. Those rules should include a determination as to the availability of space, the maximum size of copying equipment that may be brought in based on the space available, the safety of any proposed copying methods (in consultation with the fire marshal), and what constitutes a potential disruption to the operation of the clerk's office. The clerk may not impose any charge for supervision of copying. Nor do we believe that the alternative you propose regarding purchasing copies from the county surveyor is necessarily permissible, especially in light of the fact that the county surveyor's office is housed in a private firm. If the clerk's rules ultimately prohibit the title company from using its own plat-copying equipment, the clerk would be well advised to make copies available at cost. Finally, if the clerk chooses to permit the use of portable copying equipment, "it must deal evenhandedly with various members of the public who wish to use portable copying equipment." Tex. Att'y Gen. Op. No. JM-757 (1987) at 5.

In any event, the inquiry here is fact-intensive, and in the event of a conflict that cannot be resolved by the parties, the reasonableness of the clerk's rules must ultimately be addressed by a court. We cannot say as a matter of law what proposed rules would be deemed adequate. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 3 (opinion process does not determine questions of fact). We note that the scope of this opinion is limited to the office of the San Patricio County Clerk.

## S U M M A R Y

      A county clerk who wishes to regulate the copying of real property plats should first promulgate reasonable rules that address such matters as available space, safety, and disruption. Whether any particular rule is valid is a question of fact to be determined by a court. Moreover, this result is limited to the office of the San Patricio County Clerk.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee