# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2012

Lyle W. Cayce
Clerk

No. 11-30498
Summary Calendar

KELVIN WELLS; KELDA PRICE WELLS; AARON WELLS; BETHANY
WELLS; PATRICK WELLS,

Plaintiffs-Appellants

v.

STATE ATTORNEY GENERALS OF LOUISIANA; MARILYN P. LEUFROY;
PUBLIC PROTECTION DIVISION; DARRELL BERRY,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-376

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants (Wells) appeal the district court's judgment granting the appellees' motion to dismiss their complaint for failure to state a claim upon which relief could be granted. Wells sought relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq.; the Louisiana Equal Housing Opportunity Act (La. Act), La. R.S. 51:2601, et seq.; and the Civil Rights Act of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30498

1968. The district court also dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e).

In the district court, Wells sought the enforcement of immigration laws. This claim is abandoned on appeal due to Wells's failure to adequately brief it. *See Yohey v. Collins*, 985 F2d 222, 225 (5th Cir. 1993). Further, because Wells did not provide any argument or legal authority to support his conclusional arguments concerning an alleged denial of equal protection and due process, those issues are also abandoned. *See id.*

The district court's dismissal was based on the complaint being both frivolous and failing to state a claim upon which relief could be granted; thus, our review is de novo. *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

In this court, Wells contends that the Eleventh Amendment does not bar a claim against state officials who deprive citizens of their federal rights and that the defendants violated his rights as an African-American by failing to investigate his claims of racial discrimination. Although Wells characterizes his complaints as violations of federal rights, his allegations reflect that he is complaining about state officers' failure to comply with their duties under state law. Because he is alleging non-compliance with state laws, Wells's claim does not fall within any exception to Eleventh Amendment immunity; the Eleventh Amendment bars Wells from seeking prospective injunctive as well as monetary relief from the defendants in their official capacities. *McKinley v. Abbott*, 643 F.3d 403, 405-06 (5th Cir.), *cert. denied*, 132 S. Ct. 825 (2011); *see Ex Parte Young,* 209 U.S. 123 (1908).

Wells's argument that the appellees refused to provide copies of investigatory documents in violation of the FOIA fails to state a claim because those federal provisions apply only to documents under the control of federal agencies. *See* 5 U.S.C. § 552. With respect to Wells's contention that the district court erroneously refused discovery, there was no error because discovery

No. 11-30498

generally is not allowed until the resolution of immunity issues in the case. *See Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990).

Wells contends that the appellees are liable in their personal capacity because they failed to investigate the complaints of African-Americans who are subjected to hate crimes and criminal activity. Because the defense of qualified immunity was raised, there is no liability unless Wells has shown that "taking the facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *See Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009) (internal quotation marks and citation omitted). Wells has not made the required showing.

The La. Act is substantially equivalent to the federal housing act and makes it unlawful to racially discriminate against any person in the provision of services or facilities in connection with the sale or rental of a dwelling. *Cf.* 42 U.S.C. § 3601, et seq.; La. R.S. 51:2601, et seq., especially § 51:2606. Wells's factual allegations were not sufficient to state a claim that the appellees conducted the investigation of the complaints with racially discriminatory intent. *Cf. Village of Arlington Heights v. Metropolitan Housing Dev.*, 429 U.S. 252, 270 (1977). Wells has failed to allege facts supporting a claim that the defendants violated clearly established constitutional rights to be free of racial discrimination in housing. *See Lytle,* 560 F.3d at 410. Further, Wells's claims have no arguable merit and, thus, were also properly dismissed as frivolous pursuant to § 1915(e).

Kelvin Wells did not appeal the district court's judgment awarding the appellees attorneys' fees and costs. Thus, we lack jurisdiction to review the ruling. *See* FED. R. APP. P. 3(a); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) (A timely notice of appeal is mandatory and jurisdictional in a civil case.). Counsel for the appellees are directed to file a motion seeking any attorneys' fees and costs arising out of this appeal.

3

No. 11-30498

Wells's appeal is without arguable merit, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and it is frivolous; accordingly, it is dismissed. *See* 5TH CIR. R. 42.2.

APPEAL DISMISSED.