# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2013

No. 13-50007
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT C. BONNET,

Plaintiff - Appellant

v.

WARD COUNTY, TEXAS; NATRELL CAIN, Ward County Clerk,
Individually and in Her Official Capacity,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CV-85

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Robert C. Bonnet appeals the district court's grant of Defendants' motion to dismiss, construed as a motion for summary judgment, against Bonnet's claims alleged under 42 U.S.C. § 1983 and Texas state law.  AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50007

## I.  Facts and Procedural History

Bonnet is a landman who was engaged through a broker to perform title record searches for Clayton Williams, Inc.  On or about February 10, 2011, Bonnet entered the county clerk's office for Ward County, Texas, to research deed records and other official public records for his work.  He began making digital images of the documents he required.  A deputy clerk informed Bonnet that photographing the documents was prohibited.  Bonnet maintained that he was unable to see the documents;  photographing them to enlarge them was necessary for him to do his job.  Because Bonnet refused to comply with the clerk's request, the Sheriff's office was called.  A deputy sheriff ordered Bonnet to leave or be arrested for trespassing.  After the deputy sheriff used Bonnet's driver's license to run a warrant check, which came back negative, Bonnet left the office.

Bonnet returned to the office over the next several days and continued to work without using his camera.  County Clerk Natrell Cain, who had not been present on February 10, approached Bonnet to explain the no-photography rule.  After Bonnet explained his vision issues and again requested permission to take digital images of the documents he needed, Cain refused the request.  Sometime after these events, Bonnet was taken off the Clayton Williams, Inc. project.

Bonnet filed suit against Ward County and Cain, individually and in her official capacity as county clerk, on July 25, 2012 under 42 U.S.C. § 1983, alleging defendants violated his substantive due-process rights by:  failing to accommodate his physical disability by not allowing him to photograph needed documents; ignoring Texas law through the denial of free access to public records, such that he was denied liberty and property; and threatening arrest for

No. 13-50007

trespassing.  Bonnet further alleged:  he has a liberty and property interest in accessing county title and property records, which is protected under the Fourteenth Amendment; he was denied equal protection when defendants refused to accommodate his physical disability (he does not allege a violation of the Americans with Disabilities Act or the Rehabilitation Act); he is owed damages for Cain's contacting his employer and having him removed from his job; and he is owed damages for violation of the Texas Local Government Code and other Texas state law, specifically Texas Local Government Code § 118.023 and the "Free Access to Records law under Texas State Law and the Local Government Code."

Defendants thereafter filed a motion to dismiss, which contained several attached affidavits; Bonnet responded and attached his own affidavit.  The district court considered the attached motions, and therefore construed the motion as one for summary judgement.  Defendants motion for summary judgment was granted on November 28, 2012.  This timely appeal followed.

## II.  Discussion

Because the district court considered matters outside the pleadings, presented in defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the motion was properly "treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  The court's summary-judgment ruling is reviewed *de novo*.  *See Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 347 (5th Cir. 2011) (citation omitted).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In so doing, we must construe all facts and inferences in the

3

No. 13-50007

light most favorable to Bonnet, the non-movant. *E.g.*, *E.E.O.C. v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (citation omitted).

Bonnet appeals the district court's grant of summary judgment on several grounds. He first contends substantive due process was implicated when he was not allowed to photograph the records. He also challenges the court's findings under Texas law concerning his liberty or property interest in accessing the records and the denial of his request to photograph them due to his physical disability. Finally, he challenges the court's finding Ward County's no-photography policy reasonable.

For Bonnet's substantive due-process claim brought under § 1983, we must assess whether any deprivation of a life, liberty, or property interest was arbitrary or not reasonably related to a legitimate governmental interest. *See Brennan v. Stewart*, 834 F.2d 1248, 1256 (5th Cir. 1988). As the district court stated correctly, the Supreme Court has spoken on this issue, finding, *inter alia*, that "[t]here is no constitutional right to have access to particular government information..." *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978) (citation omitted). Contrary to Bonnet's assertion, the Fourteenth Amendment does not "mandate[] a right of access to government information or sources of information within the government's control." *Id.* at 15. Accordingly, the district court correctly found that Bonnet did not have a constitutionally protected liberty or property interest in accessing the records.

Finding further, the district court stated that were it to assume *arguendo* that Bonnet had a constitutionally protected interest to access the records, he was not denied such access because he was only prevented from photographing the documents. This conclusion is further supported by Bonnet's returning to

No. 13-50007

the court house the following day, and several days after, where he accessed the records without use of his camera.

As to the reasonableness of the clerk's office preventing him from photographing the records, the district court's findings were correct. The decision was a result of a policy put in place by the Ward County clerk, instituted in June 2010 after landmen, attempting to photograph and scan records, damaged, destroyed, or lost some of them in the process. We agree with the district court's findings:

> [T]he Court finds the County Clerk's policy regarding the records was reasonable; the records were being destroyed and the policy allowed them to remain accessible, photocopied, and viewed and enlarged electronically. The Court further finds the policy was related to a legitimate government interest—the protection of the records from being lost or destroyed. Thus, any such right Plaintiff had to access the records by photographing them was subject to the County Clerk's reasonable policy. . . . [E]ven if Plaintiff had a liberty or property interest [in] the right [to] photograph the records, Defendant Ward County's policy is not arbitrary, and therefore, no violation of Plaintiff's substantive due process rights occurred.

*Bonnet v. Ward Cnty, et. al*, No. P-12-CV-085 at *12 (W.D. Tex. Nov. 30, 2012).

As to his claims concerning Texas state law, the district court correctly found that although Texas law allows the public to access records belonging to the county clerk's office at all reasonable times and allows copies of such records to be made, *see* TEX. LOC. GOV'T CODE §§ 191.006, 118.024, this access is subject "to reasonable rules and regulations set out by the County Clerk to protect the records and to minimize the interference in the Clerk's office," *Permian Report v. Lacy*, 817 S.W.2d 175, 177 (Tex. App. – El Paso 1991, writ denied) (citation omitted). As discussed above, we agree with the court's finding reasonable both

5

No. 13-50007

the policy as well as its application to Bonnet such that granting summary judgment on these issues was proper.

## III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.