# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30110

_____

Daniel Plustache,

*Plaintiff—Appellant*,

*versus*

Michael Harrison, *New Orleans Police Department Superintendent*;
Elizabeth Robins; Kirk Bouyales; Arlinda Westbrook;
Simon B. Hargrove; Arlen S. Barnes; Darryl Watson;
New Orleans City; Gwendolyn L. Nolan, *New Orleans Police Department Commander*; Jean W. Jordan,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-4844

_____

Before Jolly, Oldham, and Wilson, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:[*]

Plaintiff-appellant Daniel Plustache appeals from the district court's judgment dismissing his claims under Title VII and 42 U.S.C. § 1983 for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30110

failure to state a claim. His state law claims were dismissed for lack of jurisdiction. Finding no error, we AFFIRM.

I

Although the complaint and the brief tend to be verbose and at times aimless, the core assertions appear to be: Plustache was employed as a police officer with the New Orleans Police Department ("NOPD"). Between 2013 and 2018, several of his coworkers and superiors filed complaints regarding Plustache's alleged misconduct on the job. Those complaints initiated disciplinary hearings with the NOPD's Public Integrity Bureau but no disciplinary action against Plustache. Plustache contends, however, that damaging misrepresentations regarding his job performance were made at those hearings. Plustache requested records regarding the hearings, believing that those records would "likely ground his exoneration and dismissal" of all charges from the disciplinary hearings. Nevertheless, his requests were denied. Plustache further claims that he learned through an anonymous source that his NOPD superiors had sought authority to arrest him. He acknowledges, however, that they never arrested him, nor made any further effort to effect an arrest. In short, his superiors' efforts to arrest him never materialized. August 28, 2018, Plustache resigned from his job at the NOPD.

Plustache further alleges that the aforementioned events were part of an ongoing pattern of harassment by his superiors at the NOPD in retaliation for his "whistleblowing" regarding problems in his unit. He also argues that the alleged harassment ultimately led to his constructive termination when he resigned from his job.

Additionally, Plustache alleges several violations of his constitutional rights. He first claims that his Fourth Amendment rights were violated by what he perceived to be the attempt to arrest him. He next contends that his Eighth Amendment right to be free from cruel and unusual punishment was

violated when defendants allegedly abused their police powers in their attempt to arrest him. Finally, he makes several Fourteenth Amendment claims but does not specify what Fourteenth Amendment rights the defendants violated. He instead makes generalized claims that the defendants violated his Fourteenth Amendment rights in attempting to arrest him, in denying his requests for records from his disciplinary hearings, and in violating his rights under Title VII.

## II

Here, we review the district court's grant of a Rule 12(c) motion for judgment on the pleadings under the same de novo standard as is used for a ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *See Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010) (citation omitted).

We first turn to Plustache's Title VII claims. He claims workplace retaliation, racial discrimination, hostile work environment and constructive discharge. In states like Louisiana, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the alleged unlawful conduct. *See Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) (per curiam).[1] Thus, Plustache only has viable claims for acts that occurred after August 18, 2018. The single claim that Plustache alleges within this timeframe concerns his resignation from the NOPD. Accordingly, we agree with the district court's

---

[1] In states like Louisiana that have "an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice;" in states without such an entity, an employee must file within 180 days. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (applying 42 U.S.C. § 2000e-5(e)(1)).

determination that his claims relating to workplace retaliation, racial discrimination, and hostile work environment are time-barred.

Thus, his only remaining Title VII claim is for constructive termination, which arises from his act of resignation. The district court determined that Plustache had failed to show that his "working conditions were so intolerable that a reasonable employee in [his] position would [have felt] compelled to resign." *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 331 (5th Cir. 2004) (citation omitted). The district court did not err. His claim is based on various circumstances occurring over four years: complaints from superiors and coworkers regarding his job performance that resulted in disciplinary hearings (but no disciplinary action), alleged misrepresentations regarding his job performance at those hearings, and two denials of his public records requests regarding the disciplinary hearings. We accept those allegations as true. But there is no authority, nor does he cite any, that suggests that these allegations are of harassment so extreme that a reasonable employee would have felt compelled to resign. We therefore hold that his constructive termination claim is meritless.

We move on to consider Plustache's § 1983 claims that are based on alleged constitutional violations of his Fourth, Eighth, and Fourteenth Amendment rights. "To state a valid claim under § 1983, a plaintiff[] must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993) (citation omitted). Plustache fails to allege a violation of any federal rights. He does not allege that he was seized or arrested, effectively undermining any Fourth Amendment claim he may have. *See Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) (per curiam). Similarly, his Eighth Amendment claim fails because he does not allege that he had been convicted of a crime and thus

subject to the Eighth Amendment's prohibition of cruel and unusual punishment. *Palermo v. Rorex*, 806 F.2d 1266, 1271 (5th Cir. 1987) (citations omitted).

Finally, we turn to Plustache's Fourteenth Amendment claims. These claims fail because he does not allege that he was deprived of a protected life, liberty, or property interest. *Blackburn v. City of Marshall,* 42 F.3d 925, 935 (5th Cir. 1995). Plustache first appears to argue that the defendants attempted to deprive him of his substantive due process rights by an effort to seek his arrest. That claim falters because an attempted deprivation, without more, simply does not state the denial of substantive due process.

Plustache further suggests that defendants violated his procedural due process rights by denying his requests for records of his disciplinary hearings because those records would "exonerate" him from all charges filed against him with the NOPD's Public Integrity Bureau. That claim fails because there is no generalized constitutional or federal right to access documents under the control of state agencies or their political subdivisions. *See Wells v. State Att'y Gens. of La.*, 469 F. App'x 308, 309 (5th Cir. 2012) (per curiam); *see also Bonnet v. Ward Cnty.*, 539 F. App'x 481, 483 (5th Cir. 2013) (per curiam) (citation omitted). In any event, the denial of his records requests cannot support a § 1983 claim because Louisiana Public Records Law provides an adequate remedy for the denial of a public records request. *See Williams v. Kreider*, 996 F.2d 306 (5th Cir. 1993) (per curiam) (unpublished) (holding that the remedy provided by La. Stat. Ann. § 44:35(a) precludes a procedural due process claim).

Finally, Plustache's claim that Title VII itself confers a constitutional or substantive right that can be enforced through § 1983 also fails because enforcement of a right under § 1983 is not available when, as here, the statute itself provides an exclusive remedy for violations of its own terms. *Johnston*

No. 22-30110

*v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989) (citation omitted).

Accordingly, for the reasons set forth herein, the judgment of the district court dismissing the complaint is

AFFIRMED.